PEMBERTON HUNT *v.* WM. H. CHILDRESS, Adm'r, *et al.*

1. CHANCERY PRACTICE AND PLEADINGS. *Process. Return.* A party who seeks to set aside a judgment against him upon the ground that he was not served with process, must clearly make out his case.

2. SAME. *Who may appeal upon the setting aside of a fraudulent conveyance.* Upon a bill filed to set aside a deed purporting to convey land in absolute sale, upon the ground that it was made to hinder the complainant in the collection of his debt, the grantor and grantee insisted upon the validity of the sale, and the grantor swore in his deposition that the sale was *bona fide* and the consideration fully paid to him; *held*, that the grantor had no interest in the land to authorize him, by appeal, to impeach the decree subjecting the land to the satisfaction of the complainant's debt.

---

FROM SULLIVAN.

---

Appeal from the Chancery Court at Blountville. H. C. SMITH, Ch.

W. D. HAYNES for complainant.

W. V. DEADERICK for defendant.

COOPER, J., delivered the opinion of the court.

On the 9th of March, 1868, a judgment was rendered by a justice of the peace in favor of Anna Devault, the intestate of the defendant Wm. H. Childress, against Wm. M. Powell and Pemberton Hunt, for $207.29, which judgment was stayed by Elijah Defew. On the 17th of November, 1877, the original bill was filed by Pemberton Hunt to have the judg-

ment declared void as to him for the want of service of process. Wm. H. Childress, as administrator of Anna Devault, filed a cross-bill to set aside a conveyance of land made by the defendant Elijah Defew to E. S. Defew, because made to hinder and delay creditors, and to subject the land to the satisfaction of the judgment. Upon the final hearing, the chancellor dismissed the original bill and granted the relief sought by the cross-bill. Complainant Hunt and defendant Elijah Defew appealed.

A party who seeks to set aside a judgment against him upon the ground that he was not served with process, must clearly make out his case, otherwise the judgments of the judicial tribunals would have no more sanctity than obligations *in pais*. The officer who executed the original warrant simply cannot recollect that he served it upon Hunt, and therefore his testimony is of no avail. Hunt testifies that the warrant was not served upon him, and that he was not present when the judgment was rendered. Powell says he does not think Hunt was present at the trial, but can't be positive. Thinks Defew stayed the judgment at his request, but don't know whether Hunt was present. Defew swears that he stayed the judgment at the personal solicitation of both Hunt and Powell. And in this he is sustained by an independent witness who was present when the stay was entered, and who states that Hunt agreed, in order to induce Defew to become stayor, that the judgment should be rendered against him jointly with Powell. Not only has the original complainant failed to make out his case,

Hunt *v.* Childress.

but the preponderance of proof is clearly against him, and the chancellor's decree dismissing his bill is unquestionably correct. The weight of testimony is, moreover, that Defew became stayor at his instance as well as at the instance of Powell.

From the decree upon the cross-bill, declaring the deed from Elijah Defew to E. S. Defew to be merely colorable, Elijah Defew has alone appealed. But it is clear that he has no interest in the matter, for he stands in his pleading and deposition upon the validity of the conveyance to E. S. Defew, and proves, in his deposition, that he has been fully paid the consideration called for in the deed. If E. S. Defew consents that his land shall be sold to satisfy the judgment in question, no other person has a right to complain. The chancellor's decree is, besides, clearly correct upon the character of the instrument.

Affirm the decree with costs.