GEORGE C. HARRIS *v.* DAVID HADDEN & CO.

JUSTICE'S JURISDICTION. *Notes. Bills of exchange.* A justice's judgment, rendered on a warrant in a plea of debt due by note and bill of exchange under $1,000, for a larger sum than the limit of jurisdiction on bills of exchange, cannot be sustained, and should be quashed upon *certiorari.*

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. C. W. HEISKELL, J.

T. B. EDGINGTON for Harris.

HARRIS & TURLEY for Hadden & Co.

COOPER, J., delivered the opinion of the court.

Hadden & Co. sued Harris before a justice of the peace by warrant "in a plea of debt due by note and bill of exchange under one thousand dollars."

The justice rendered judgment in favor of the plaintiffs for $720.98. The defendant brought the case into the circuit court by writs of *certiorari and supersedeas.* The case was tried on September 22, 1877, by the judge without a jury, and he rendered a judgment in favor of the plaintiffs for $821.91. The defendant moved for a new trial on various grounds, and among others, "that the court had no jurisdiction of the cause." He also "moved in arrest of judgment and for a dismissal of the case for want of jurisdiction." These motions were overruled, and the defendant appealed in error.

The bill of exceptions shows that the recovery of the plaintiffs was had upon a note of the defendant, dated January 1, 1874, at twelve months, for $540, and a bill of exchange of the same date, drawn by the defendant, at sixty days, to the order of Isham G. Harris, and by him endorsed, on Richardson & May, New Orleans, Louisiana, for the sum of $505, protested for non-payment, on which defendant had paid $350.

The error assigned is that the warrant on its face, as well as the evidence, shows that the justice of the peace had no jurisdiction of the debt, and consequently that the judgment should have been arrested by the circuit court and the cause dismissed.

The act of 1875, ch. 11, under which the suit was brought, provides, by its first section, "that the jurisdiction of justices of the peace in civil cases shall extend to one thousand dollars upon all notes of hand," etc.; and, by its second section, "to all unsettled ac-

counts, obligations, contracts or other evidences of debt not embraced in the preceding section, when the amount claimed does not exceed five hundred dollars."

The justice had jurisdiction of the note sued on under the first of these sections, and of the bill of exchange under the second section, and the question is, whether he would have jurisdiction of the two instruments together in one warrant, when the amount called for in the warrant, and actually recovered, exceeded his jurisdiction in the case of one of those instruments? The question is a new one in this State upon the precise facts disclosed by the record, but its solution may depend upon the principles settled by previous decisions, rather than upon general principles regulating the construction of entirely new statutes.

The settled rule in this State is, that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court of special and limited jurisdiction, except that which is expressly alleged: *Kilcrease* v. *Blythe*, 6 Hum., 378. A justice's court is of limited jurisdiction, and an inferior tribunal within the rule. If, therefore, the justice render a judgment for an amount in excess of his jurisdiction, the circuit court, upon appeal or *certiorari*, has no authority to try the case and render a judgment within the jurisdiction of the justice: *Dixon* v. *Caruthers*, 9 Yer., 30; *Houser* v. *McKennon*, 1 Baxt., 287. If the fact appear on the face of the warrant and judgment that the recovery is for a sum exceeding the justice's juris-

diction, as where the warrant is in a plea of debt by account and the judgment is for an amount beyond the limit of the statute, the judgment is void: *Summar* v. *Jarrett*, 3 Baxt., 23. And if the fact appear from the evidence, the judgment may be brought into the circuit court by *certiorari*, and the proceedings quashed: *Houser* v. *McKennon*, 3 Baxt., 287. It seems also that such a cause will be dismissed by this court on appeal, although no motion to dismiss was made in the court below: *White* v. *Buchanan*, 6 Cold., 32. In *Stein* v. *Straus*, decided at this place in 1873, the suit was by warrant on two acceptances under $500, each of the bills of exchange sued on being for a sum less than $250, which was then the limit of a justice's jurisdiction on such paper, and the judgment was for $383. The case was taken to the circuit court by *certiorari*, and the proceedings were there quashed on motion, the judge refusing to entertain the application of the plaintiff to amend the warrant, and withdraw one of the bills of exchange. On appeal to this court the action of the circuit court was sustained.

These decisions settle that the validity of a justice's judgment, upon appeal or *certiorari*, must be determined by the amount of the recovery on the particular character of claim sued on, and that a judgment in excess of the jurisdictional limit on that claim will be void although the claim be evidenced by two instruments, each of which is for a sum within the jurisdiction. In other words, a creditor cannot sue and recover upon two or more promissory notes, or

two or more bills of exchange, the aggregate of which will exceed the limit of jurisdiction, although each one of them may be for a sum within the jurisdiction. There is no law authorizing such a joinder of claims. Nor, *a fortiori*, a joinder of distinct classes of claims, such as notes and bills of exchange, or notes and open accounts, where the recovery exceeds the limit of either. For, if such joinder is admissible, the recovery may be for more than the highest limit of jurisdiction in any case. The utmost extent in amount of a justice's jurisdiction is the sum of $1,000 on notes of hand. The limit on other evidences of debt is $500. If a joinder of different causes of action is permissible, the creditor might join a note for $1,000, a bill of exchange for $500, and an open account for $500, and recover judgment for $2,000. And to permit the joinder of claims merely because the aggregate does not exceed the highest limit of jurisdiction, and forbid it when the recovery goes beyond that limit, would stand upon no principle. There is no statutory authority for the joinder of actions where the recovery will be in excess of the limit fixed for the cause of action, or either of the causes of action sued on. The original judgment in the present case was for $720.98, on a warrant "in a plea of debt by note and bill of exchange under one thousand dollars." It is not alleged, nor would it appear what part of the judgment was on the bill of exchange and what part was on the note, and there is no intendment in favor of the jurisdiction. In the absence of express legislative authority for such joinder of causes of action,

the proceedings before the justice cannot be sustained, and should have been declared invalid by the circuit court.

The judgment below will be reversed, the proceedings before the justice quashed, and the cause dismissed without prejudice to the rights of the creditors to sue again.