FRED H. BASS *v.* SOUTHERN SURETY CO., *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed January 19, 1929.

J. W. STONE, for complainant, appellant.

FRANK L. LYNCH, for defendant, appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The only question involved upon this appeal is the validity of a decree in favor of Bass against the defendant, J. W. Solomon, entered by the Chancellor and affirmed by the Court of Appeals, which is based upon the following magistrate's judgment, to-wit:

"Date of trial, Aug. 26, 1922.

"Parties to suit: F. H. Bass v. J. W. Solomon & Solomon Construction & Engineering Co.

Attorney for Lynch, Crownover.

"Amount of Judgment. Judgment for plaintiff, $499.95 for which execution may issue and cost of suit. A. H. Simmons, J. P.

"Returning officer, F. M. Jackson.

"Witnesses: Costs: Officer's Return."

Then follows a list of the witnesses and the bill of cost. The return of the officer was not copied on the docket.

A certified copy of the foregoing judgment was filed as an exhibit to the testimony of a successor of Magistrate Simmons, who has moved to Florida. No warrant, or other process with the officer's return thereon, was introduced in evidence, and the officer who is designated as the returning officer was not introduced as a witness.

Solomon answered the bill, insisting that he was never served with process in the cause, and that said judgment as to him was void because the magistrate had no jurisdiction of his person. He testified on the trial of the cause that he was not served with process in the justice of the peace suit, and insists that the Chancellor and the Court of Appeals erred in entering judgment against him.

The petition for writ of *certiorari* has heretofore been granted and the cause argued at the bar of this court.

The settled rule in this State is that nothing shall be intended to be out of the jurisdiction of a superior court

but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged. *Kilcrease's Heirs v. Blythe*, 25 Tenn., 389; *Brien v. Hart*, 25 Tenn., 131; *Hopper v. Fisher*, 39 Tenn., 253; *Harris v. Hadden*, 75 Tenn., 216.

Under the title "Judgments" the rule is stated in 33 C. J., 1195, as follows:

*(1)* "Jurisdictional facts such as service of process, or the appearance of parties, unless so required by statute or court rule, need not be recited of record in order to support the judgment of a court of record, since there is a presumption of jurisdiction in favor of such judgments, sufficient to support them against collateral attack. But there is no such presumption to support the judgment of a court of inferior jurisdiction, and in such cases the record must affirmatively show existence of all jurisdictional facts."

A justice's court is an inferior tribunal within the rule. *Harris v. Hadden, supra.*

Section 5988 of Shannon's Annotated Code, is in this language:

"Every intendment is in favor of the sufficiency and validity of proceedings before justices of the peace, when brought in question, either directly or collaterally, in any of the courts of the State, where it appears on the face of the proceedings that the justice had jurisdiction of the subject-matter and of the parties."

In this cause it does not appear "on the face of the proceedings" that the justice had jurisdiction of J. W. Solomon. It could have been shown by introducing the warrant with the officer's return thereon; by copying his return on the docket, or by reciting in the judgment that process had been served upon him.

*(2)* It is not necessary that the judgment be entered on the warrant in order to make it valid. *Hollins* v. *Johnson,* 40 Tenn., 348; *Elliott* v. *Jordan,* 66 Tenn., 380.

In *Parker* v. *Swan,* 20 Tenn., 80, the judgment was entered upon the warrant which had been served on all of the defendants.

In *Hunt* v. *Childress,* 73 Tenn., 247, it is inferable that the warrant was before the court and showed that it was served on Hunt.

Likewise, in *Anderson* v. *Kimbrough,* 45 Tenn., 260, the warrant was in evidence.

In *Buckner* v. *Beasley,* 1 Tenn. Chy. App., 576, the justice's judgment was similar to the one in question. The warrant, as in this cause, was lost, but the parties undertook to supply it. The court, in its opinion, said:

"In view of the authorities, the sole question in this cause is, assuming that the docket entry of the judgment before the justice is record evidence, and that the officer's return on the warrant showed service of process upon the individual members of the firm, does the proof clearly and satisfactorily show that process was not served upon M. C. Beasley and M. W. Fowler? The court is of opinion that it does."

For the reasons stated, we are of the opinion that the complainant has not made out his case against J. W. Solomon. It results that the decree of the Court of Appeals and the Chancellor will be reversed, and the bill dismissed as to J. W. Solomon.

The costs in this court will be taxed against the complainant; also the costs in making J. W. Solomon a party to the case.