Helen Evelyn Botter Barrow, Appellant,

*v.*

Douglas H. Barrow, Jr., Appellee.

419 S.W.2d 164.

(*Nashville,* December Term, 1966.)

Opinion filed September 22, 1967.

492

J. William Rutherford, Nashville, for appellant.

Corbitt & Levine, Nashville, for appellee.

Mr. Justice Dyer delivered the opinion of the Court.

This cause comes to this Court from the Probate Court of Davidson County, Tennessee upon the trial judge sustaining a plea in abatement grounded on the premise the court did not have jurisdiction of the subject matter of the suit. The question presented is whether the Probate Court of Davidson County, Tennessee has jurisdiction to entertain a petition filed pursuant to T.C.A. Sections 36-901 through 36-929 generally referred to as the Uniform Reciprocal Enforcement of Support Act.

The Probate Court of Davidson County, Tennessee was created by Chapter 124, Private Acts of Tennessee for 1963. The jurisdiction of this court pertinent to the issue raised in the case at bar is as follows:

6. The Probate Court of Davidson County shall have concurrent jurisdiction with the Circuit and Chancery Courts of Davidson County, including the Fourth Circuit Court of Davidson County, on all matters involving divorces, annulments, separate support and maintenance and custody of children.

In exercising the jurisdiction conferred by this paragraph, said court shall have all the powers conferred upon the Fourth Circuit Court of Davidson County under the provisions of Chapter 44, Public Acts of 1957, and conferred upon circuit courts and chancellors in divorce and annulment cases under the general laws of this State.

Chapter 124

The thrust of the argument supporting the alleged lack of jurisdiction is based on the following from *Bass*

*v. Southern Surety Co.,* 158 Tenn. 233, 12 S.W.2d 714 (1929):

> The settled rule in this state is that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged. 158 Tenn. 233, 12 S.W.2d 714.

This statement from the Bass case is a rule of construction used to determine the jurisdiction of courts. In *Kilcrease's Heirs v. Blythe,* 25 Tenn. 378 (1945) this court after stating the rule defined "inferior courts", within the meaning of the rule, to be a court of "peculiar, special and limited jurisdiction." It would follow a "superior court," within the meaning of this rule, is a court of general jurisdiction and such are our common law (circuit-criminal) and equity (chancery) courts. The Probate Court of Davidson County is an "inferior court" within the meaning this rule.

We think the decision in the case at bar is controlled by *Magevney v. Karsch,* 167 Tenn. 32, 65 S.W.2d 562 (1933). The *Magevney* case involved the Probate Court of Shelby County which is an "inferior court" within the meaning of the above shown rule of construction in that it is a court of limited jurisdiction. Jurisdiction in the field of adoptions was conferred, by statute, upon the Probate Court of Shelby County; which, by holding of this court in the *Magevney* case, resulted in the Probate Court of Shelby County being a court of general jurisdiction (superior court) within the meaning of the above rule when acting in this particular field of the law (adoptions).

■■ The legislature, by Chapter 124, has conferred upon the Probate Court of Davidson County jurisdiction in "all matters involving divorces, annulments, separate support and maintenance and custody of children." This language can have no other meaning than that this court is to have the same jurisdiction in the field of domestic relations as a circuit or chancery court. The Reciprocal Enforcement of Support Act is a statutory scheme creating a procedure which one obligated by a "duty of support" can be, in a convenient and simple manner, called upon to discharge this duty. This "duty of support" arises out of the law of domestic relations. See *Martin v. Martin*, 213 Tenn. 345, 373 S.W.2d 609 (1963).

■ It results the Probate Court of Davidson County when acting in the field of domestic relations as defined by Chapter 124 is a court of general jurisdiction; and this Reciprocal Enforcement of Support Act being a part of the law of domestic relations is within the jurisdiction of this Court.

The judgment is reversed and the cause remanded.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.