1120

KARL SITTE PLUMBING CO., INC., Appellant v. DARBY DEVELOPMENT COMPANY OF COLUMBIA, INC., East Coast Builders of Columbia, Inc., and Colony Construction of Columbia, Inc., of whom East Coast Builders of Columbia, Inc., is the Respondent.

(367 S. E. (2d) 162)

Court of Appeals

*Lourie, Curlee, Barrett & Popowski,* Columbia, *for appellant.*

*East Coast Builders of Columbia, Inc., pro se.*

Heard Feb. 22, 1988.

Decided March 28, 1988.

GOOLSBY, Judge:

This is an action by the appellant Karl Sitte Plumbing Co., Inc., against the defendants Darby Development Company of Columbia, Inc., and Colony Construction Company of Columbia, Inc., and the respondent East Coast Builders of Columbia, Inc., to foreclose a mechanic's lien and for damages for breach of contract. The circuit court consolidated the action with another and referred the consolidated action to the master in equity with authority to enter a final judgment therein. East Coast did not stipulate either in the order of reference or by a separate stipulation that the master could enter a final judgment in the cause. Also, the order of reference did not provide that any appeal from the final judgment would go directly to the Supreme Court and the parties did not consent to a direct appeal to the Supreme Court.

After the master rendered judgment against both Colony and East Coast in Karl Sitte's favor, East Coast served on Karl Sitte a notice containing exceptions to the "decision" rendered by the master. The circuit court reversed the master after making its own findings of fact. We reverse and remand.

The dispositive issue presented by Karl Sitte's appeal concerns the standard of review that the circuit court should employ in entertaining an appeal from a master's final judgment in a law case.

First, however, we must determine whether the master could properly have entered final judgment against East Coast.

The circuit judge referred the instant action on June 25, 1985. At that time, the amended form of Section 15-31-10 of the South Carolina Code of Laws (1976), which was shortly thereafter repealed and replaced by Rule 53 of the South Carolina Rules of Civil Procedure, governed references by consent of the parties. 64 STAT. Act No. 100 § 2 at 279 (1985); 61 STAT. Act No. 471 § 1 at 1401 (1980). Section 15-31-10 provided in part:

> Any of the issues in an action, whether of fact or law or both, may be referred upon the written consent of the parties. . . . In all cases the parties . . . may agree and stipulate in the order of reference or by separate stipulation that the master may enter a final judgment in the cause.

61 STAT. Act No. 471 § 1 at 1401 (1980); *cf.* S.C.R. CIV. P. 53(b) ("In the discretion of the court any or all issues in an action whether of law or fact, may be referred to a master by consent of the parties. . . ."); *id.* 53 (e)(1) ("[I]f the parties consent in writing or the order of reference so provides, [the master] shall direct entry of judgment in the action without further order of court.").

Here, East Coast did not consent in writing to the order of reference; however, it made no motion to revoke the order of reference and it participated in the reference proceedings without objecting or excepting to the order of reference or to the master's appointment, authority, or jurisdiction. East Coast, therefore, waived any objection it might have had to the action being referred. *See Nichols v. Elkins,* 2 Ariz. App. 272, 408 P. (2d) 34 (1965) (a party desiring to question the propriety of a reference should move for revocation of the reference and the failure to make such a motion constitutes acquiescence and consent to the reference); *Corn Belt Products Co. v. Mullins,* 172 Neb.

561, 110 N. W. (2d) 845 (1961) (the participation by a party in a hearing before the referee and the failure to make a timely objection to the referee's appointment precludes consideration of an objection to the referee's appointment made for the first time on appeal); *Garland v. Smith*, 131 Cal. App. 517, 21 P. (2d) 688 (1933) (an objection to a reference ordered without consent in an action to recover an amount due for work performed under a contract and for additional work not included in the contract is waived by a failure to take exception thereto, especially where the party appeared before the referee without objection and submitted evidence in support of allegations contained in his answer and counterclaim).

The question remains, however, regarding whether East Coast waived any objection it might have had to the action being referred with authority for the master to enter a final judgment therein.

East Coast participated in the reference proceedings even after the master stated in the presence of its counsel at the beginning of the proceedings that "[b]y consent of the parties, this case was referred to the master ... with authority to enter a final judgment." Moreover, after the master issued his order granting Karl Sitte "final judgment," East Coast sought an extension of time within which to file its case and exceptions and expressly based its motion on *Windham v. Sanders*, 287 S. C. 170, 337 S. E. (2d) 205 (1985), stating that the latter case "requires an appeal from a final judgment by a master-in-equity [be] to the circuit court."

Under these circumstances, we likewise hold that East Coast waived its right to attack the authority of the master to enter final judgment in the action. *See Mullaney, Wells & Co. v. Savage*, 31 Ill. App. (3d) 343, 334 N. E. (2d) 795 (1975) (the participation by a party in hearings before the master constituted a waiver of objection to the master's authority); *Coyner v. United States*, 103 F. (2d) 629 (7th Cir. 1939) (where the defendant questioned the extent of the court's power to order a compulsory reference in a law case for the first time on appeal, the court held that the proper practice would be to move the trial court for revocation of the reference and the defendant's failure to make such a motion was tantamount to acquiescence and consent to the reference);

*Stewart v. Stoval,* 202 Ky. 367, 259 S. W. 721 (1924) (an objection to a void order of reference held waived).

A clearer case for waiver is made when it is realized ■ that on July 1, 1985, just six days after the circuit court entered its order referring the instant action to the master, Section 15-31-10, as we noted above, was repealed and the South Carolina Rules of Civil Procedure took effect. *See* S.C.R. CIV. P. 86(a). The new rules thereafter governed all further proceedings in the instant action since their application, as we view the record, was feasible and would not work an injustice to any of the parties. *Id.; see Hinson-Barr, Inc. v. Pinckard,* 292 S. C. 267, 356 S. E. (2d) 115 (1987) (Ness, C. J., dissenting) (viewing the South Carolina Rules of Civil Procedure as applicable to an action commenced prior to the effective date of the rules but still pending on that date); *Burnsed v. Greene,* 291 S. C. 59, 351 S. E. (2d) 910 (Ct. App. 1986) (holding the circuit court erred in not applying the new rules of civil procedure to an action filed before their effective date in determining an issue involving joinder of claims where there was no finding by the court that it would not be feasible or would work an injustice to apply the new rules and the record did not suggest any reason why they should not apply). Under Rule 53(e)(1), the circuit court has the authority, which it did not have under Section 15-31-10, to direct in the order of reference the "entry of judgment in the action without further order of the court," *i.e.,* the entry of final judgment, irrespective of the parties' consent.

As we stated, the order of reference expressly authorized the master to enter final judgment and East Coast participated in the hearing before the master after the adoption of the new rules with full knowledge of the provision in the order of reference authorizing the entry of final judgment by the master. Had East Coast at the reference hearing objected to the master's authority to enter final judgment in the cause because it had not consented to the reference and to the entry of final judgment by the master, the question could have been resolved quickly by the master's allowing Karl Sitte, pursuant to Rule 53(e)(1) and with notice to East Coast, to apply to the circuit court for an order authorizing the master to enter final judgment.

We turn now to the question of the standard of review that the circuit court must apply in determining an appeal from a final judgment in a law case heard by a master. The circuit court held that it could review both findings of fact and conclusions of law in such cases. We disagree.

In South Carolina, an action to foreclose a mechanic's lien is a law case. *Metz v. Critcher*, 83 S. C. 396, 65 S. E. 394 (1909). An action for damages for breach of contract is also an action at law. *Airfare, Inc. v. Greenville Airport Commission*, 249 S. C. 265, 153 S. E. (2d) 846 (1967). We held in *May v. Hopkinson*, 289 S. C. 549, 347 S. E. (2d) 508 (Ct. App. 1986), that, in the absence of a statute prescribing a different standard of review, the circuit court in reviewing the final judgment entered by a master in a law case must apply the same standard of review that either this court or the Supreme Court would apply in such a case.

The circuit court questions the accuracy of this holding, pointing to and bottoming its views on Article V, Section 11 of the South Carolina Constitution, Sections 18-7-10 and 18-7-170 of the South Carolina Code of Laws (1976), and Rule 53(e)(2) of the new rules.

Article V, Section 11 provides that the circuit court "shall have such appellate jurisdiction as provided by law." Section 18-7-10 states that "[w]hen a judgment is rendered by a magistrate's court, by the governing body of a county or by any other inferior court or jurisdiction, save the probate court, the appeal shall be to the circuit court of the county wherein the judgment was rendered. . . ." Section 18-7-170 allows the circuit court in an appeal to the circuit court taken pursuant to Section 18-7-10 to "affirm or reverse the judgment of the court below, in whole or in part, as to any or all the parties and for errors of law or fact."

But Sections 18-7-10 and 18-7-170 are not applicable to an appeal from a final judgment made by a master, not because a master is not an inferior court or jurisdiction, which a master well may be [*see Barrow v. Barrow*, 220 Tenn. 491, 419 S. W. (2d) 164 (1967) (an "inferior court" within the meaning of the rule of construction used to determine the jurisdiction of courts are courts that are of peculiar, special and limited jurisdiction)], but because the circuit court's

jurisdiction to determine an appeal in such a case is prescribed by Section 14-11-90 of the South Carolina Code of Laws (1976) (Supp. 1987). 61 STAT. Act No. 164 § 10 at 326 (1979). Section 18-7-10 and 18-7-170, as the reference to probate courts in Section 18-7-10 makes plain, apply where appeals of inferior courts or jurisdictions are not otherwise provided for "by law." *See* S.C.R. CIV. P. 74 and 75 notes (Rules 74 and 75 make uniform the procedure on appeals to the circuit court where there is no provision by statute and do not replace any provision either in Title 18 relating to such appeals or in other statutes).

Unlike Section 18-7-170, which prescribes the standard of review that the circuit court is to apply in an appeal from a judgment rendered by a jurisdiction embraced by Section 18-7-10, there is no statute prescribing the standard of review that the circuit court must apply where a party appeals a final judgment entered by a master pursuant to Section 14-11-90. The absence of a statute prescribing a standard of review manifests the intent of the General Assembly that the scope of review not depend in these special cases "upon which appellate court is to determine the appeal." *May v. Hopkinson,* 289 S. C. at 554, 347 S. E. (2d) at 511.

In its order, the circuit court declares that Rule 53(e)(2) prescribes the scope of review for a master's "final judgment" in the event Section 18-7-130 does not do so because Rule 53(e)(2) regards a master's final judgment merely as a "report" and, under the rule, "[t]he court after hearing may adopt ... or ... modify ... or ... reject ... [a report] in whole or in part...."

A "report" that the circuit court may adopt, modify, or reject either in whole or in part under Rule 53(e)(2), however, does not include a "judgment" (described in Section 14-11-90 as a "final judgment") that a master may be authorized to enter under Rule 53(e)(1). Indeed, if the term "report," as used in that sentence, includes a final judgment, little, if any, practical purpose would be served by the parties agreeing to the entry of final judgment by a master, particularly in view of a party's right to appeal.

Since there is neither a statute nor a rule that prescribes a different standard of review in cases where the appeal of a master's final judgment is made to the circuit court, the

court below should have applied the same standard of review that either the Court of Appeals or the Supreme Court would have applied had the appeal of the master's final judgment been made to either of them. *May v. Hopkinson, supra.* That standard of review is the one prescribed for an appeal of a judgment made in a law case tried without a jury. In such a case, the trial judge's findings of fact will not be disturbed on appeal unless found to be without evidence reasonably supporting them. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

We need not address the question Karl Sitte raises as to the jurisdiction of the circuit court to entertain East Coast's appeal from the master's final judgment. As Karl Sitte recognized at oral argument, the Supreme Court recently disposed of this issue in *Murray Properties Partnership of Dallas v. L. P. Cox Company,* 293 S. C. 170, 359 S. E. (2d) 279 (1987). The Supreme Court held in that case that where, as here, a direct appeal to the Supreme Court is neither consented to in writing by the parties nor provided for in the order of reference, the appropriate forum to review the master's order is the circuit court. *See* S. C. Code of Laws § 14-11-90 (1976) (Supp. 1987) ("Appeals from final judgments entered by a master pursuant to § 15-31-10 shall be to the circuit court unless otherwise directed by order of the circuit court or by consent of the parties."); *but see* 64 STAT. Act No. 100 § 2 at 279 (1985) (repealing Section 15-31-10).

Because the circuit court applied the wrong standard of review, the judgment below is reversed and the case is remanded for redetermination by the circuit court.

Reversed and Remanded.

SHAW and CURETON, JJ., concur.