RENDERED: SEPTEMBER 22, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0076-TG
(2021-CA-0280)

BRANDIS BRADLEY, INDIVIDUALLY,
AND IN HER OFFICIAL CAPACITY AS
PRESIDENT OF THE FLOYD COUNTY BAR
ASSOCIATION

APPELLANT

ON APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
NO. 2021-CI-00789

V.

COMMONWEALTH OF KENTUCKY EX REL.
DANIEL CAMERON, ATTORNEY GENERAL;
AND MICHAEL ADAMS, SECRETARY OF
STATE

APPELLEES

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**<u>VACATING AND REMANDING WITH INSTRUCTION</u>**

Brandis Bradley brings this appeal challenging a ruling of the Franklin Circuit Court concerning the constitutionality of House Bill (HB) 348,[1] which partially adopted this Court's 2016 Proposed Judicial Redistricting Plan, including this Court's recommendation that one of the divisions of general jurisdiction in the 31st Judicial Circuit (Floyd Circuit) be eliminated based on insufficient workload. We accepted transfer from the Court of Appeals because this case raises important questions regarding the constitutionality of HB 348

---

[1] Acts of Apr. 2, 2018, ch. 57, 2018 Ky. Acts 255.

and constitutional standing.  After careful review, we conclude that Bradley's claims must be dismissed for lack of standing.

## I.  FACTS AND PROCEDURAL BACKGROUND

In 2016, this Court issued a "Proposed Kentucky Judicial Redistricting Plan for 2022."  The plan recommended an appropriate number of judges within each judicial circuit based on the results of the Judicial Workload Assessment Report.

Then, in February 2017, this Court issued a "Certification of Necessity: Realignment of Judicial Circuits and Districts and Reallocation of Existing Judgeships."  The 2017 Certification "certifie[d] to the General Assembly of the Commonwealth of Kentucky the need to realign circuit and district judicial boundaries and reallocate existing judgeships" in the manner prescribed within the Certification.  Paragraph VI of the 2017 Certification provided that:

> The Supreme Court finds and declares that each section of the judicial redistricting plan set forth in this Certification of Necessity is essentially and inseparably connected with and dependent upon each other.  Accordingly, the provisions are nonseverable and if any part of the Judicial redistricting plan is rejected, then the entire Certification of Necessity is rendered void and unenforceable.

During the 2018 Regular Session, the General Assembly passed HB 348, which partially adopted this Court's Judicial Redistricting Plan.  HB 348 eliminated one of the divisions of general jurisdiction in the 31st Judicial Circuit (Floyd Circuit) effective January 2, 2023.

After passage of HB 348, this Court issued a second Certification of Necessity in July 2018.  The 2018 Certification "certifie[d] to the General

2

Assembly of the Commonwealth of Kentucky the need to eliminate one circuit court division in the 3lst Judicial Circuit Floyd Circuit Court." The 2018 Certification also stated: "Pursuant to HB 348 (2018), Section 9, implementation herein shall have a delayed effective date of January 2, 2023; no further Certification of Necessity shall be required of this Court."

Bradley initiated this action in Franklin Circuit Court in October 2020. The original plaintiffs were Former Supreme Court Justice Janet L. Stumbo and Brandis Bradley, individually, and as President of the Floyd County Bar Association. Stumbo and Bradley argued that HB 348's elimination of one division of general jurisdiction in the Floyd Circuit Court violates Section 112(3) of the Kentucky Constitution, which provides that "the General Assembly having power upon certification of the necessity therefor by the Supreme Court, to change the number of circuit judges in any judicial circuit." Specifically, Stumbo and Bradley contend that passage of HB 348 before this Court's 2018 Certification of Necessity was procedurally improper under Section 112(3) of the Kentucky Constitution.

The Commonwealth intervened as a defendant in this action and moved to dismiss. Then, Stumbo and Bradley filed a motion for summary judgment. The Franklin Circuit Court simultaneously granted the Commonwealth's motion to dismiss and granted, in part, and denied, in part, the plaintiffs' motion for summary judgment. In its mixed ruling, the circuit court first dismissed Stumbo for lack of standing. Then, the court concluded that HB 348 was unconstitutional because it violated the purported procedure by which the

3

branches must act under Section 112(3) of the Constitution. Even so, the circuit court found Sections 6 and 7 of HB 348 to be valid under the principles of judicial comity, reasoning that "the Kentucky Supreme Court essentially ratified the General Assembly's actions by issuing the 2018 Certification of Necessity."

Bradley, but not Stumbo, appealed to the Kentucky Court of Appeals. Stumbo entered a notice of appearance as co-counsel for Bradley before the Court of Appeals. After the case was fully briefed and oral argument was heard, the Court of Appeals recommended transfer to this Court under Kentucky Rule of Civil Procedure (CR) 74.02(5). We accepted transfer and ordered an expedited briefing schedule. We now address the parties' arguments on appeal.

## II. STANDARD OF REVIEW

"We review the trial court's issuance of summary judgment de novo and any factual findings will be upheld if supported by substantial evidence and not clearly erroneous."[2] Whether a party has standing is a jurisdictional question of law that is reviewed de novo.[3]

## III. ANALYSIS

The Commonwealth raises two threshold—potentially dispositive—issues for our consideration. First, the Commonwealth contends that Bradley's direct

---

[2] *Adams v. Sietsema*, 533 S.W.3d 172, 177 (Ky. 2017).

[3] *Commonwealth v. B.H.*, 548 S.W.3d 238, 242 (Ky. 2018) ("Jurisdiction is a question of law, and our review is de novo.").

brief before this Court does not comply with the Kentucky Rules of Civil Procedure ("CR"). Second, the Commonwealth argues that Bradley lacks standing. We address each argument in turn.

### A. We decline to strike Bradley's brief or dismiss for noncompliance with the civil rules regarding the form and contents of briefs.

CR 76.12(4) provides the appropriate form and content for briefs. Parties who cavalierly disregard the requirements of CR 76.12(4) do so at their own peril. "A brief may be stricken for failure to comply with any substantial requirement of [ ] Rule 76.12."[4] Moreover, an appellate court has discretion to either disregard a particular argument[5] or dismiss an appeal altogether for noncompliance with CR 76.12.[6]

In granting transfer from the Court of Appeals, we ordered an expedited briefing schedule and stated that each party was permitted to submit a direct brief to this Court. As a result, submission of a direct brief to this Court was left within the parties' discretion. Even so, upon choosing to submit a brief to this Court, the parties were required to comply with CR 76.12, unless the Court directed alternative briefing instructions.

---

[4] CR 76.12(8)(a); *see also Commonwealth v. Roth*, 567 S.W.3d 591, 595 (Ky. 2019).

[5] *See Dixon v. Commonwealth*, 263 S.W.3d 583, 587 n.11 (Ky. 2008); *Smith v. Smith*, 235 S.W.3d 1, 4–5 (Ky. App. 2006).

[6] *See Roth*, 567 S.W.3d at 595; *see also Craig v. Kulka*, 380 S.W.3d 546, 547-49 (Ky. App. 2012) (dismissing appeal for failing to comply with CR 76.12(4)(c)(iv) and (v)); *Simmons v. Commonwealth*, 232 S.W.3d 531, 533 (Ky. App. 2007) ("[D]ismissal for failure to comply with the provisions of CR 76.12 is discretionary[.]"); *Baker v. Campbell Cnty. Bd. of Educ.*, 180 S.W.3d 479, 482 (Ky. App. 2005) (acknowledging dismissal as appropriate upon the failure to comply with CR 76.12).

The Commonwealth is correct that Bradley's direct brief does not comply with CR 76.12 in several respects. For instance, the brief does not comply with CR 76.12(4)(c)(iv) and (v), which require "ample" citations "to the record" to support a party's factual assertions. Indeed, Bradley's statement of the case totals only three sentences and includes no citations to the record.

Moreover, CR 76.12(4)(c)(v) requires parties to include an argument section "with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review." But here, Bradley's argument section is less than four pages long, cites only one case, and includes no statement regarding preservation of issues for appellate review.

Instead of complying with the requirements of CR 76.12, Bradley sought to rely on the pleadings filed in the Court of Appeals. The practice of incorporating briefing from other courts by reference is not permitted by our civil rules or caselaw. This Court is not obliged to scour the briefs filed in lower courts to find what arguments the parties advance on appeal, what legal authority supports those arguments, and the factual basis underlying those arguments. If parties choose to file a brief before this Court, they must comply with the substantive requirements outlined in CR 76.12.

Of course, as Bradley points out, this action comes to us in an unusual procedural posture. This case was fully briefed before the Court of Appeals and was transferred to this Court after oral argument before the Court of Appeals

6

but before the Court of Appeals rendered any decision. And we acknowledge Bradley's likely frustration with transfer of the matter after full briefing and oral argument before the Court of Appeals. But upon deciding to file a direct brief in this Court, Bradley was required to comply with CR 76.12, and she failed to do so here.

Even so, "[w]hen an appellate advocate fails to abide by [CR 76.12(4)(c)(v)] our options are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions; or (3) to review the issues raised in the brief for manifest injustice only."[7] Considering the unusual procedural posture of this case, we exercise our discretion to overlook the deficiencies in Bradley's direct brief and proceed with review.

## B. Bradley has not established constitutional standing.

"[T]he existence of a plaintiff's standing is a constitutional requirement to prosecute any action in the courts of this Commonwealth."[8] This Court has adopted the federal standard for constitutional standing espoused in *Lujan v. Defenders of Wildlife*.[9] "[A]ll Kentucky courts have the constitutional duty to ascertain the issue of constitutional standing, acting on their own motion, to ensure that only *justiciable causes* proceed in court, because the issue of

---

[7] *Roth*, 567 S.W.3d at 595 n.9 (citations omitted).

[8] *Commonwealth Cabinet for Health & Fam. Servs., Dep't for Medicaid Servs. v. Sexton ex rel. Appalachian Reg'l Healthcare, Inc.*, 566 S.W.3d 185, 188 (Ky. 2018); *see also Beshear v. Ridgeway Properties, LLC*, 647 S.W.3d 170, 175–76 (Ky. 2022); *Overstreet v. Mayberry*, 603 S.W.3d 244, 252 (Ky. 2020); *Commonwealth v. Bredhold*, 599 S.W.3d 409, 414 (Ky. 2020).

[9] *Sexton*, 566 S.W.3d at 188 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

constitutional standing is not waivable."[10]  This practice "conforms to the

general understanding of constitutional standing as a predicate for a court to

hear a case and the ability of a court, acting on its own motion, to address that

issue."[11]

To have constitutional standing, a "plaintiff must have suffered an injury

in fact—an invasion of a legally protected interest which is (a) concrete and

particularized, and (b) actual or imminent, not conjectural or hypothetical."[12]

The party invoking jurisdiction bears the burden of establishing the elements of

standing.[13]

### 1. *Bradley has not established constitutional standing in her individual capacity.*

Bradley has not established that the alleged injury—elimination of

Division II from the Floyd Circuit Court—harmed her in a concrete and

particularized way.  Instead, Bradley's alleged injuries constitute nonjusticiable

generalized grievances.

"To have standing, a litigant must seek relief for an injury that affects

him [or her] in a 'personal and individual way.'"[14]  The litigant "must possess a

'direct stake in the outcome' of the case."[15]  A litigant raising a generally

---

[10] *Sexton*, 566 S.W.3d at 192 (emphasis in original).

[11] *Id.*

[12] *Lujan*, 504 U.S. at 560 (internal citations and quotations omitted).

[13] *Id.* at 561.

[14] *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (quoting *Lujan*, 504 U.S. at 560).

[15] *Id.* (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997)).

available grievance about government, no matter how sincere, and claiming only harm to her and every other citizen's interest in the proper application of the laws, does not state a justiciable case or controversy.[16]

The complaint in this action alleges that Bradley is a resident, registered voter, and taxpayer in Floyd County. But none of these classifications confer constitutional standing for Bradley to challenge the elimination of one division of the Floyd Circuit Court. Bradley does not argue that she is personally and uniquely impacted by HB 348 as a citizen or voter. Nor could she. Any citizen or voter in Floyd County could assert injuries identical to those advanced in Bradley's complaint. As a result, Bradley's claims constitute generalized grievances.

Additionally, Bradley has failed to demonstrate that she is entitled to taxpayer standing. Kentucky courts recognize taxpayer standing in limited circumstances as a matter of equity.[17] Typical cases invoking taxpayer standing involve litigants suing government entities or their agents to challenge the propriety of city, county, or state expenditure of public funds.[18] Here, Bradley makes no allegation that this action involves a challenge to the propriety of expenditure of government funds.

Moreover, Bradley contends that she has standing as an "eligible" or "interested" candidate for judicial office in the circuit court division eliminated

---

[16] *Id.* (citing *Lujan,* 504 U.S. at 573–74).

[17] *See Sexton,* 566 S.W.3d at 194 n.33; *see also Overstreet,* 603 S.W.3d at 263.

[18] *See Overstreet,* 603 S.W.3d at 263.

9

by HB 348. But Bradley's eligibility as a potential candidate for circuit judge in Floyd County does not demonstrate a concrete or particularized injury that is personal to Bradley. Instead, Bradley's asserted harm is hypothetical and conjectural. Any attorney residing in Floyd County and meeting the minimum requirements for the office of circuit judge could assert identical injuries to those advanced by Bradley.

The United States Supreme Court has recently rejected standing arguments under similar facts. In *Carney v. Adams*, the United States Supreme Court held that a plaintiff did not have standing to challenge an eligibility requirement for Delaware state court judges because the plaintiff had not shown that he was "able and ready" to apply to become a judge.[19] Without evidence that the plaintiff was likely to apply to become a judge, the Supreme Court held that his challenges to Delaware's judicial eligibility requirements were nonjusticiable generalized grievances.[20]

Similarly, Bradley has failed to demonstrate that she has a personal and individual interest in running for the circuit judgeship eliminated by HB 348 other than general eligibility or interest. Instead, the facts reflect a contrary conclusion. The Court of Appeals took judicial notice of the fact that Bradley had filed to run for a position on the *Floyd District Court,* not Floyd Circuit Court, Division II. As a result, Bradley lacks constitutional standing in her

---

[19] 141 S. Ct. 493, 499–500 (2020).

[20] *Id.*

individual capacity to challenge HB 348 because she has failed to demonstrate a concrete and particularized injury-in-fact.

### 2. *Bradley lacks representative standing as President of the Floyd County Bar Association.*

Bradley also lacks associational standing as President of the Floyd County Bar Association. In her Complaint, Bradley asserts that she "also brings this action in her capacity as President of the Floyd County Bar Association, [which] voted unanimously to institute this litigation on October 2, 2020."

There are two problems with Bradley's assertion of associational standing. First, it does not appear that the association seeking standing, the Floyd County Bar Association, was a plaintiff in the initial complaint. Second, even suing in her capacity as President of the Floyd County Bar Association, Bradley has not demonstrated that she satisfies the requirements for associational standing.

Initially, the Floyd County Bar Association was not explicitly and clearly listed as a named plaintiff in the complaint. The caption of the complaint lists "JANET L. STUMBO and BRANDIS BRADLEY, Individually and as President of the FLOYD COUNTY BAR ASSOCIATION" as plaintiffs. And the first sentence of the Complaint says, "Come the Plaintiffs, Janet L. Stumbo, Brandis Bradley, and the Floyd County Bar Association, by counsel, and state as follows[.]" But the Floyd County Bar Association is not clearly listed as a plaintiff in the case caption. Instead, Bradley is listed as a *plaintiff in her capacity as president of the Association.* More importantly, the Floyd County Bar Association is not

11

listed as a named plaintiff in the substantive text of the Complaint. Instead, the text of the complaint only lists "Brandis Bradley . . . in her capacity as President of the Floyd County Bar Association."

The circuit court twice pointed out that the Association was not properly named as a plaintiff in the complaint. Furthermore, the circuit court correctly stated that the "best practice would have been for Plaintiffs to directly name the Floyd County Bar Association." Of course, when considering a motion to dismiss, pleadings are read in the light most favorable to the plaintiff.[21] But a plaintiff is also the master of his or her complaint.[22] As a result, Bradley was solely responsible for naming the proper parties in the complaint.

Moreover, Bradley cannot add the Floyd County Bar Association as a plaintiff by simply adding the Association to the caption of her notice of appeal.[23] Bradley was free to attempt to amend her complaint or move to add the Association as a party. Having done neither, the Association is not a proper party in this appeal.

Regardless, even suing in her official capacity as President of the Floyd County Bar Association, Bradley has not demonstrated that the Association has standing to sue on behalf of its members in this action. The United States Supreme Court has espoused three requirements for an association to demonstrate standing in federal court:

---

[21] *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

[22] *See Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305, 312 (6th Cir. 2009).

[23] *See* CR 73.03(1) ("The notice of appeal shall specify by name all appellants and all appellees[.]").

(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit.[24]

This Court has not held that all three elements of this federal associational standing test apply in Kentucky courts.[25] But "at least the first requirement must apply."[26] An association can have standing only if its members could have sued in their own right.[27] "Otherwise the primary requirement for standing, that the party has a real interest in the litigation, would be thwarted."[28]

Bradley's complaint fails to satisfy the first prong of the three-part test for associational standing. The circuit court concluded that "members of the Floyd County Bar association have a 'real and substantial' interest in maintaining their current judicial structure." But a sincere interest in preserving the current judicial structure of the Floyd Circuit Court, standing alone, does not demonstrate that the members of the Floyd County Bar

---

[24] *Commonwealth ex rel. Brown v. Interactive Media Ent. & Gaming Ass'n, Inc.*, 306 S.W.3d 32, 38 (Ky. 2010) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

[25] *See id.* Recently, the United States Court of Appeals for the Sixth Circuit questioned the continued validity of the federal associational standing doctrine, noting that the United States Supreme Court's recent cases demonstrate that a nonparty injury alone does not suffice to confer standing. *See Association of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 537–43 (6th Cir. 2021). But we need not address the continued validity of associational standing in Kentucky courts here because such an analysis would constitute dictum because it is "unnecessary to the resolution of [this] case." *Id.* at 547 (Siler, J., concurring).

[26] *Id.*

[27] *Id.*

[28] *Id.*

13

Association have standing to sue in their own right. For instance, Bradley is the only remaining named plaintiff who is also a member of the Association. Yet we have already established that Bradley has failed to demonstrate constitutional standing in her individual capacity.

Moreover, the Association's members do not have individual standing to sue to remedy alleged injuries to their clients. The circuit court noted that the Association's members "have expressed concern that reducing the number of judges will have a drastic impact on dockets." And, in her motion for summary judgment, Bradley argued that the Association's members were "affected by the loss of Division II because they represent clients in criminal and civil cases who will lose trial dates due to the loss of Division II."

But Bradley's argument is unavailing. The Association does not demonstrate that its *members* will suffer a concrete and particularized injury based on speculative harm to *unspecified and unnamed clients*.[29] Importantly, Bradley does not argue that the elimination of Division II of the Floyd Circuit Court will result in concrete and particularized injuries to the Association's attorney members. Instead, under Bradley's logic, unnamed, third-party clients would be injured by the elimination of Division II, not the members of the Association themselves. This attenuated injury is neither direct nor personal to the Association's members. Importantly, no client or litigant with a

---

[29] *Associated Indus. of Ky. v. Commonwealth*, 912 S.W.2d 947, 951 (Ky. 1995) ("The assertion of one's own legal rights and interests must be demonstrated and the claim to relief will not rest upon the rights of third persons.") (citing *Warth v. Seldin*, 442 U.S. 490 (1975)).

14

court date pending in Floyd Circuit Court, Division II, has been named as a plaintiff on the face of Bradley's complaint. And Bradley has made no argument concerning why those unspecified clients cannot sue to remedy the injuries alleged in the complaint.

Ultimately, the Floyd County Bar Association has not demonstrated associational standing because the Association is not plaintiff in this action. Regardless of that defect, the Association has also failed to demonstrate that its members would otherwise have standing to sue in their own right. Here, the Association seeks third-party standing to represent unspecified, third-party clients without any argument that these clients are unable to represent their own interests in the courts of this Commonwealth. As such, the Floyd County Bar Association does not have associational standing to bring the claims asserted in this action.

### 3. *We do not consider the standing of Stumbo in this action.*

We do not consider whether Stumbo has standing to bring this action. The complaint lists "Janet L. Stumbo" as a plaintiff to this action. The circuit court ruled that Stumbo lacked standing, concluding that her alleged injury was not sufficiently "distinct and palpable" to confer constitutional standing.

In the notice of appeal to the Court of Appeals, Stumbo is listed in the case caption but is not listed as an appellant in the body of the notice. The relevant text of the notice of appeal says, "Comes the Plaintiff, Brandis Bradley, individually and in her official capacity as President of the Floyd County Bar Association and the Floyd County Bar Association, and hereby files their Notice

15

of Appeal. . . . On Appeal, Brandis Bradley, individually, and In her official capacity as President of the Floyd County Bar Association, and the Floyd County Bar Association, will be the Appellants[.]"  Stumbo did not appeal the ruling of the Franklin Circuit Court regarding her constitutional standing and is not an appellant in this appeal.[30]  As a result, we decline to render an advisory opinion on the Franklin Circuit Court's ruling that Stumbo lacked constitutional standing in this matter.

## IV.   CONCLUSION

After review, we conclude that Bradley lacks standing on this record. Bradley has not alleged a concrete and particularized injury-in-fact to confer constitutional standing in her individual capacity.  Additionally, the Floyd County Bar Association is not a proper party in this appeal and has not demonstrated associational standing.  The judgment of the Franklin Circuit Court is vacated, and this matter is remanded with instruction to dismiss the action in its entirety without prejudice.

All sitting. All concur.

---

[30] See CR 73.03(1) ("The notice of appeal shall specify by name all appellants and all appellees[.]").

16

COUNSEL FOR APPELLANT:

Janet Lynn Stumbo
Ned Barry Pillersdorf
Ryan Douglas Mosley
Pillersdorf Law Offices


COUNSEL FOR APPELLEES:

Courtney Elizabeth Albini
Office of the Solicitor General

Brett Robert Nolan
Matthew Franklin Kuhn
Office of the Attorney General