v.

**Suzanne P. LAND, Respondent.**

**No. 2012–SC–000473–KB.**

Supreme Court of Kentucky.

Aug. 27, 2012.

∎

**R. Julius CRAIG, Appellant,**

v.

**Nena KULKA, Appellee.**

**No. 2011–CA–000036–MR.**

Court of Appeals of Kentucky.

Sept. 21, 2012.

James A. Maples, Elizabethtown, KY, for Appellant.

Alicia C. Johnson, Russellville, KY, for Appellee.

Before DIXON, MOORE, and THOMPSON, Judges.

## OPINION AND ORDER

DIXON, Judge:

R. Julius Craig appeals from a final judgment of the Hardin Circuit Court, which resolved a dispute over an attorney fee contract in favor of Nena Kulka, Craig's former client. Because we conclude Craig failed to comply with the minimum standards of CR 76.12, we grant Kulka's pending motion to dismiss this appeal.

In March 1999, Kulka retained Craig, a licensed attorney, to handle a dispute involving the administration of Kulka's father's estate. Kulka eventually discharged Craig as her attorney, and Craig claimed she owed him $2,934.99 in legal fees. Craig filed suit against Kulka to collect the debt in Hardin District Court. Kulka filed a counterclaim alleging malpractice, and the case was transferred to Hardin Circuit Court. The counterclaim was subsequently dismissed, and the circuit court held a bench trial on Craig's claim regarding the debt for legal services. On December 3, 2010, the circuit court rendered a judgment in favor of Kulka and dismissed Craig's claim. The court considered the testimony and evidence presented and concluded Craig failed to satisfy the burden of proof. This appeal followed.

Craig's trial counsel filed a notice of appeal on January 3, 2011. On April 1, 2011, this Court allowed Craig's trial counsel to withdraw as appellate counsel; thereafter, Attorney James Maples entered his appearance as appellate counsel for Craig. On June 3, 2011, Attorney Maples moved for an enlargement of time to file an appellate brief. Kulka filed a response and moved to dismiss the appeal, asserting that Craig had failed to timely file an appellate brief and had disregarded the rules of this Court.

On December 14, 2011, a motion panel of this Court rendered an order granting Craig's motion for an extension of time, noting that Craig's "failure to file a brief in substantial compliance with CR 76.12 with-

in 15 days of this order *shall* result in the referral of this appeal to a panel of this Court for dismissal." The order also passed Kulka's pending motion to this merits panel.

On January 4, 2012, the clerk of this Court returned Craig's brief for deficiencies in the caption of the brief and certificate of service. Craig corrected the deficiencies noted by the clerk and re-filed his brief on January 17, 2012.

Quite simply, the form and content of Craig's brief falls far short of the requirements set forth in CR 76.12. Aside from grammatical and spelling errors, Craig's brief fails to follow the formatting requirements for proper margins, font, and spacing. CR 76.12(4)(a). Under the heading "Statement of Points and Authorities," Craig quotes portions of CR 61.02, KRE 801, KRE 401, and KRE 402. Craig wholly fails to set forth his "contentions with respect to each issue of law relied upon for a reversal, listing under each the authorities cited on that point and the respective pages of the brief on which the argument appears and on which the authorities are cited." CR 76.12(4)(c)(iii).

In his "Statement of the Case," Craig fails to cite the record to support his narrative statement. CR 76.12(4)(c)(iv). As a result of this error, we are left with Craig's bare assertions as to the facts and evidence without any way of determining where (or if) this information is actually located in the record.

In the "Argument" portion of his brief, Craig concedes that the alleged errors were not preserved at trial, and he requests palpable error review. Craig then asserts a rambling argument regarding "hundreds" of instances of allegedly inadmissible hearsay testimony that affected his substantial rights. To support his argument, Craig offers two citations to the trial video, and one of these is a general reference to the entire one-and-a-half hour testimony of a defense witness. CR 76.12(4)(c)(v). Furthermore, aside from the four rules cited in his statement of points and authorities, Craig utterly fails to provide "ample supportive references to the record and citations of authority pertinent to each issue of law[.]" *Id.* It is well settled that "[i]t is not our function as an appellate court to research and construct a party's legal arguments[.]" *Hadley v. Citizen Deposit Bank,* 186 S.W.3d 754, 759 (Ky.App.2005).

We have wide latitude to determine the proper remedy for a litigant's failure to follow the rules of appellate procedure. *Age v. Age,* 340 S.W.3d 88, 97 (Ky.App.2011). Furthermore, dismissing an appeal for non-compliance with CR 76.12 is a matter within our discretion. *Baker v. Campbell County Bd. of Ed.,* 180 S.W.3d 479, 482 (Ky.App.2005). In *Hallis v. Hallis,* 328 S.W.3d 694 (Ky.App.2010), this Court explained:

> It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated.

*Id.* at 696 (internal quotation marks and citations omitted).

In this case, we have a clearly deficient appellate brief tendered by an attorney, on behalf of an appellant who is also an attorney. Kulka moved to dismiss the appeal due to Craig's inability to comply with the civil rules; likewise, we are mindful that a panel of this Court previously ordered Craig to file a brief that substantially complied with CR 76.12 or risk dismissal of the appeal. After careful consid-

eration, we are satisfied that Craig's brief cannot reasonably be viewed as substantially compliant with CR 76.12; consequently, we believe it is appropriate to grant Kulka's motion to dismiss the appeal.

For the reasons stated herein, we hereby ORDER that Kulka's motion to dismiss the appeal is GRANTED.

MOORE, Judge, concurs.

THOMPSON, Judge, dissents.