TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

## 2018-SC-000095-DG

DATE 2/26/19 Kim Robinson, DC

COMMONWEALTH OF KENTUCKY                                    APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                          CASE NO. 2016-CA-001154
CAMPBELL CIRCUIT COURT NOS. 13-M-02864 & 14-XX-00004

JOHN P. ROTH JR.                                           APPELLEES

## OPINION AND ORDER

"It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules 'do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated."[1] "Enforcement of procedural rules is a judicial responsibility of the highest order because without such rules '[s]ubstantive rights, even of constitutional magnitude . . . would smother in chaos and could not survive."[2]

An Appellant's brief must have a "Statement of the Case" section reciting the facts of the case "with ample references to the specific pages of the record,

---

[1] *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (quoting *Louisville Jefferson Cty. Metro. Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky. 2007)) (quoting *Brown v. Commonwealth*, 551 S.W.2d 557, 559 (Ky. 1997)).

[2] *Id.*

or tape and digital counter number in the case of untranscribed videotape or audiotape recordings, or date and time in the case of all other untranscribed electronic recordings, supporting each of the statements narrated in the summary."[3] An Appellant's brief must also have an "Argument" section "with ample supportive references to the record[.]"[4]

The Commonwealth's brief in this case plainly failed to comply with these requirements. Under CR 76.12(8)(a), we exercise our discretion to strike the Commonwealth's brief,[5] which necessarily requires that we also dismiss the Commonwealth's appeal.

## I. BACKGROUND.

The Commonwealth charged John Roth Jr. with second-degree cruelty to animals, a Class A misdemeanor.[6] A district court jury found him guilty of that crime and recommended a sentence of six months in the county jail and a $500 fine. The trial court entered judgment accordingly. Roth then appealed the judgment to the circuit court as a matter of right.[7] The circuit court affirmed the judgment on all issues raised.

Roth then sought discretionary review in the Court of Appeals. As Roth points out, the Commonwealth received a deficiency notice from the Court of

---

[3] Kentucky Rules of Civil Procedure ("CR") 76.12(4)(c)(iv).

[4] CR 76.12(4)(c)(v).

[5] "A brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12."

[6] Kentucky Revised Statutes ("KRS") 525.130(4).

[7] Ky. Const. § 115 ("In all cases . . . there shall be allowed as a matter of right at least one appeal to another court[.]").

2

Appeals for identifying the wrong court in its title. After the Commonwealth fixed that error, the Court of Appeals considered Roth's case, concluding that the trial court erred when it failed to grant Roth's motion for directed verdict on his second-degree animal cruelty charge. The Court of Appeals found that the evidence adduced at trial did not support the jury's verdict as to the satisfaction of the mens rea component of the crime.

The Commonwealth's subsequent Petition for Rehearing to the Court of Appeals contained two deficiencies. First, the Commonwealth styled its Petition for Rehearing as a Motion to Reconsider. Second, the Commonwealth failed to cover its Petition with the requisite cover and failed to attach the Court of Appeals' opinion to the Petition. After the Commonwealth corrected the deficiencies, the Court of Appeals denied the Commonwealth's Petition.

The Commonwealth then requested discretionary review from this Court. The Commonwealth's motion was deficient because it failed to provide the Court with the correct number of copies of the judgment and opinions of the appellate courts below. After correction, we granted discretionary review, and the parties filed briefs.

## II. ANALYSIS.

The Commonwealth's brief before this Court contains no citations to the record. In support of some of its factual assertions, the Commonwealth cites only to the two lower-court opinions. This lack of citation to the record prompted Roth to move this Court to strike the Commonwealth's brief and dismiss its appeal. Roth's request is well-taken, and for the reasons stated

3

below we order the Commonwealth's brief stricken from the record and dismiss its appeal.

CR 76.12(4)(c)(iv) and (v) require "ample" citations "to the record" to support a party's factual assertions. Here, the Commonwealth did not make a single citation to the record in support of its factual assertions. The Commonwealth's brief only cites to the Court of Appeals' and circuit court's decisions in support of some of its factual assertions. While it is true that the decisions of the appellate courts below are a part of this record, citation to them alone cannot suffice as "ample" reference to the trial record. This is especially true where, as here, the central issue calls into question the adequacy of the evidence introduced by the Commonwealth at trial to support submission of the case to the jury.

"It is fundamental that it is an Appellant's duty and obligation to provide citations to the record regarding the location of the evidence and testimony upon which he relies to support his position," and if an appellant fails to do so, "we will accordingly not address it on the merits."[8]

A lower-court's discussion of the facts cannot satisfy our obligation to read or view the trial proceeding, especially where, as here, the sole issue to be resolved on appeal is the sufficiency of the evidence presented to the jury at trial. It would be an abdication of our constitutional duty as a reviewing court were we to accept on faith the factual assertions as summarized in the decisions of the reviewing courts below. Our rules requiring pinpoint citation to

---

[8] *Hackett v. Commonwealth*, No. 2012-SC-000773-MR, 2014 WL 2809876, *10 (Ky. June 19, 2014) (emphasis added).

4

the record ensure that we base our decisions upon our own review of the record to establish the basis for factual assertions.

"A brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12."[9] Supporting factual assertions with pinpoint citations may, in fact, be the most substantial requirement of CR 76.12.[10] Without pinpoint citations to the record, a court "must sift through a record to [find] the basis for a claim for relief."[11] Expeditious relief would cease to exist without this requirement. "It is well-settled that an appellate court will not sift through a voluminous record to try to ascertain facts when a party has failed to comply with its obligation under [our rules of procedure] . . . to provide specific references to the record."[12]

The Commonwealth has failed to provide any support for its factual assertions in both its Statement of the Case and Argument sections of its brief. As such, it has failed to meet the substantial requirement of pinpoint citations to the record specified in CR 76.12, and we are within out discretion to strike its brief.[13]

---

[9] CR 76.12(8)(a); *see also Slone v. Commonwealth*, No. 2013-SC-000446-MR, 2014 WL 5410289, *3 (Ky. Oct. 23, 2014) ("When an appellate advocate fails to abide by [CR 76.12(4)(c)(v)] our options are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions; or (3) to review the issues raised in the brief for manifest injustice only.") (citing *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010))..

[10] *See Jackson v. Commonwealth*, No. 2015-SC-000445-MR, 2016 WL 7665877, *6 (Ky. Dec. 15, 2016) (acknowledging CR 76.12(4)(c)(v) as a substantial requirement).

[11] *Mayo v. Commonwealth*, 322 S.W.3d 41, 54 (Ky. 2010).

[12] *Parker v. Commonwealth*, 291 S.W.3d 647, 676 (Ky. 2009).

[13] CR 76.12(8)(a); *see Sanderson v. Commonwealth*, 291 S.W.3d 610, 612 (Ky. 2009) (acknowledging Court's discretion to strike a brief for a violation of CR 76.12); *see also Hudson v. Hudson*, No. 2011-SC-000091-DG, 2011 WL 3805980, *2 (Ky. Aug. 25,

5

We are also within our discretion to dismiss the Commonwealth's appeal.[14] The Commonwealth could have corrected any deficiencies raised by Roth in a reply brief, but the Commonwealth failed to file a reply brief.[15] "Even though [Roth] pointed out [the Commonwealth's] brief's noncompliance with CR 76.12, [the Commonwealth] did not file a reply brief to correct [its] oversight. [Therefore,] [w]e would be justified in disregarding [the Commonwealth's] claim of error[.]"[16] Finally, the Commonwealth has shown a repeated pattern in this case of failing to adhere to basic requirements of appellate practice in Kentucky.

"If a party fails to comply with [CR 76.12(4)(c)(v)], we may 'decline to address' his arguments."[17] Whenever a party fails to provide "amply supportive references to the record . . . [w]e [are] justified in disregarding [that party's]

---

2011) ("[A] failure to comply with CR 76.12(4)(c)(v) . . . permits the appellate court to strike the noncompliant brief.").

[14] *Craig v. Kulka,* 380 S.W.3d 546, 547–49 (Ky. App. 2012) (dismissing appeal for failing to comply with CR 76.12(4)(c)(iv) and (v)); *Simmons v. Commonwealth,* 232 S.W.3d 531, 533 (Ky. App. 2007) ("[D]ismissal for failure to comply with the provisions of CR 76.12 is discretionary[.]"); *Baker v. Campbell Cty. Bd. of Educ.,* 180 S.W.3d 479, 482 (Ky. App. 2005) (acknowledging dismissal as appropriate upon the failure to comply with CR 76.12); *see Sanderson v. Commonwealth,* 291 S.W.3d 610, 612 (Ky. 2009) (citing to Court of Appeals opinions acknowledging Court's discretion to dismiss appeal for failure to comply with CR 76.12); *see also Calloway v. Commonwealth,* No. 2012-SC-000334-MR, 2013 WL 5436260, *5 (Ky. Sept. 26, 2013) ("[I]t is in this Court's discretion to decline to review arguments failing to conform to established Kentucky rules."); *Goncalves v. Commonwealth,* 404 S.W.3d 180, 188, and 209 (Ky. 2013) (declining to address arguments that failed to comply with CR 76.12(4)(c)(v)).

[15] *See Goncalves,* 404 S.W.3d at 207 (citing *Hollingsworth v. Hollingsworth,* 798 S.W.2d 145, 147 (Ky. App. 1990) ("A reply brief may be used . . . to correct a procedural defect related to CR 76.12")).

[16] *Mayo v. Commonwealth,* 322 S.W.3d 41, 54 (Ky. 2010).

[17] *Jefferson v. Eggemeyer,* 516 S.W.3d 325, 337 (Ky. 2017).

6

claim of error[.]"[18] "Appellants who desire review by this Court must ensure their briefs comply with our Rules of Civil Procedure."[19]

"As long as a good faith effort is made, this Court will consider the arguments presented to it, as it often has done on behalf of the Commonwealth as well as defendants."[20] Unfortunately for all concerned with this case, there is nothing to indicate a good faith effort on the part of the Commonwealth to comply with the requirements of CR 76.12(4)(c)(iv) and (v).

### III.     ORDER.

Because the Commonwealth failed to comply with CR 76.12(4)(c)(iv) and (v), we exercise our discretion under CR 76.12(8)(a) and order the Commonwealth's brief stricken and this appeal dismissed.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. Keller, J., dissents by separate opinion in which Wright, J., joins.

ENTERED: February 14, 2019.

_____
CHIEF JUSTICE

---

[18] *Dickerson v. Commonwealth,* 485 S.W.3d 310, 320 (Ky. 2016) (quoting *Mayo v. Commonwealth,* 322 S.W.3d 41, 54 (Ky. 2010)); *see also Holbrook v. Commonwealth,* No. 2012-SC-000703-MR, No. 2012-SC-000804-MR, 2014 WL 4160137, *13 (Ky. Aug. 21, 2014) (completely disregarding argument for failing to comply with CR 76.12(4)(c)(v)).

[19] *Harris v. Commonwealth,* 384 S.W.3d 117, 131 (Ky. 2012) (disregarding an argument for failing to comply with CR 76.12(4)(c)(v)); *Stigall v. Commonwealth,* No. 2010-SC-000393-MR, 2011 WL 2438377, *3 n.2 (Ky. June 16, 2011) ("We will not consider arguments that fail to conform with our rules."); *see Brooks v. Lexington-Fayette Urban Cty. Housing Authority,* 132 S.W.3d 790, 807 (Ky. 2004) (declining to address argument for failing to comply with CR 76.12(4)(c)(iv)); *Miles v. Commonwealth,* No. 2007-SC-000298-MR, 2009 WL 160435, *6 (Ky. Jan. 22, 2009) (arguments presented to the Court in violation of CR 76.12(4)(c)(v) not addressed).

[20] *Daugherty v. Commonwealth,* 467 S.W.3d 222, 233–34 (Ky. 2015).

KELLER, J., DISSENTING: I respectfully dissent from the majority of this Court's decision to strike the Commonwealth's brief and dismiss this appeal pursuant to CR 76.12(8)(a). I agree that such a decision is within this Court's discretion. However, I disagree that the use of that discretion in this circumstance is appropriate.

This case has a long and thorough history. After Roth was charged by the Commonwealth, the case was presented to a jury and that jury determined Roth was guilty beyond a reasonable doubt. The jury recommended a sentence of six months in the county jail, as well as a fine. Roth appealed his judgment as a matter of right. The circuit court affirmed the appeal in a complete, well-reasoned, and carefully scrutinized decision. The court cited at length to the trial record, noting multiple and specific points in the trial before the jury. The Court of Appeals granted discretionary review. In a 2-1 decision, the Court of Appeals reversed and remanded the case for entry of a directed verdict of acquittal. The Court of Appeals held that the Commonwealth failed to present even a mere scintilla of evidence that Roth acted intentionally or wantonly with regard to the treatment of his horses, despite testimony of multiple statements Roth made about the care of the horses in question, including that "he didn't give a s**t about those horses" and would prefer to shoot them. The Court of Appeals reversed, holding that the Commonwealth failed to present sufficient proof on the proper *mens rea*. This case has undergone three levels of detailed court scrutiny. Each court has cited to testimony and portions of the record in which that testimony was given. Yet, despite these roadmaps for our review, as well as a brief trial record, a majority of this Court has deemed it appropriate to

8

dismiss an otherwise adequate appeal due to insufficient citations to the trial record.

For many reasons, I find the Court's response here disproportionate and inappropriate. More often than we should, we have found it burdensome to "comb" a "voluminous" record when a party fails to adequately cite to specific portions of the record. However, this case culminated in a trial that lasted less than a day. I believe we have sufficient information before us to determine the relevant portions of the record and decide the issues of law before this Court. I must concede that the brief presented to this Court is technically deficient and I do not condone or ignore deficient practice. However, we have many options with which to administer justice while still adhering to the rules of practice and procedure before this esteemed Court. The Court could have chosen to financially sanction the Commonwealth for presenting an improper brief; we could have issued an order of deficiency, requiring the Commonwealth to perfect the brief; we could have issued a show cause order as to why the appeal should not be dismissed; we could have stricken the entire brief and allowed the Commonwealth another opportunity to present a technically-proficient and correct brief. It is true, the option to strike and dismiss is an option before this Court, however, I disagree with its use here. I would utilize one of the above-described court actions and then address the legal issues in this case—the very reason the Court decided to grant discretionary review in the first place.

Wright, J., joins.