# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: SEPTEMBER 26, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000091-MR

FINAL

DATE 10-22-19 _By 6_/1

LEIGH STONE, AS NEXT FRIEND,                                    APPELLANTS
NATURAL GUARDIAN AND PARENT OF
LE' VIAN DEANS, A MINOR AND ANTON
DEANS, AS NEXT FRIEND, NATURAL
GUARDIAN AND PARENT OF LE' VIAN
DEANS, A MINOR


                    ON APPEAL FROM COURT OF APPEALS
V.                  CASE NO. 2018-CA-001039-MR
            JEFFERSON CIRCUIT COURT NO. 14-CI-003943


HONORABLE JUDITH MCDONALD-                              APPELLEE
BURKMAN, JUDGE, JEFFERSON CIRCUIT
COURT

AND

CORNELIA POSTON, M.D.; ALEXANDRIA            REAL PARTIES IN INTEREST
BLINCHEVSKY, M.D.; COMMUNITY MEDICAL
ASSOCIATES, INC., D/B/A WOMEN'S
SPECIALISTS D/B/A NORTON WOMEN'S
SPECIALISTS; NORTON HOSPITALS, INC.,
D/B/A NORTON HOSPITAL AND
NORTON HEALTHCARE, INC.


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Leigh Stone and Anton Deans, individually, and as Next Friends, Natural

Guardians, and Parents of Le'Vian Deans, a minor ("collectively, Appellants"),

appeal the decision of the Kentucky Court of Appeals denying their petition for a writ of prohibition. Appellants filed a petition for writ after the trial court issued a Qualified Protective Order ("QPO") granting Defendants (collectively, "Norton") the ability to conduct ex parte interviews with the treating physicians of Stone, Le'Vian, and Le'Vians older brother, Anton Jr. Appellants argue that the QPO allows for the release of confidential information, thus (1) the lower court erred by failing to apply limitations and conditions upon it; (2) the QPO violates Appellants' right to an accounting under the Health Insurance Portability and Accountability Act ("HIPAA"); and (3) the QPO poses serious ethical and legal concerns for healthcare providers. After a review of the record and relevant law, we affirm the Court of Appeals.

## I. Factual and Procedural Background.

In 2013, Stone gave birth to her second son, Le'Vian, at a Norton hospital. Thereafter, Appellants sued Norton alleging negligence in the obstetrical care and treatment provided to Stone during the labor and delivery of Le'Vian, causing Le'Vian severe injuries. The claim relates back to the December 10, 2011, birth of Stone's first son, Anton Jr. Appellants allege that a doctor delivering Anton Jr. encountered a shoulder dystocia, and thus, the doctors delivering Le'Vian were negligent in not appropriately counseling Stone on the risks and benefits of proceeding with a vaginal delivery instead of a Caesarean section delivery—due to the complications with Anton Jr.'s birth—including the risk of the specific injury Le'Vian suffered.

2

In May 2018, Norton filed a motion for a QPO allowing ex parte communications between it and Stone and Le'Vian's treating physicians. The motion also asked for a QPO allowing ex parte inquiries into Anton Jr.'s medical treatment, but only as it pertains to his delivery. The trial court granted the motion and issued the QPO. In July 2018, Appellants filed a petition for writ of prohibition with the Court of Appeals.[1] The Court of Appeals denied the petition, holding that the trial court had discretion to issue the QPO, and the QPO complies with our decision in *Caldwell v. Chauvin*, 464 S.W.3d 139 (Ky. 2015). This appeal followed.

## II.   Standard of Review.

"[T]he issuance of a writ is inherently discretionary. Even if the requirements are met and error found, the grant of a writ remains within the sole discretion of the Court." *Id.* at 145–46 (citing *Edwards v. Hickman*, 237 S.W.3d 183, 189 (Ky. 2007)).

> A writ of prohibition *may be* granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great

---

[1] In July 2018, Appellants' counsel also filed a nearly identical writ petition in a different medical negligence case seeking a writ prohibiting another QPO from being issued by Judge McDonald-Burkman. *Coons v. McDonald-Burkman*, No. 2018-SC-000474-MR, 2019 WL 1236265 (Ky. Mar. 14, 2019). The *Coons* decision was released after the Appellants in the instant case filed their initial brief, but before the filing of the Appellees' response brief or the Appellants' reply brief. Several of the defendants and both Appellants' and Appellees' counsel are the same as those in the *Coons* case and both parties cite to *Coons*. While we typically avoid citation to unpublished decisions under CR 76.28(4)(c), the issues in *Coons* virtually mirror those here, so citation is proper due to the overlap in issues and timing with the *Coons* decision.

injustice and irreparable injury will result if the petition is not granted.

464 S.W.3d at 145 (quoting *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004)).

In *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803 (Ky. 2004), we summarized the proper standard of review for writ petitions depending upon the class of writ and the ultimate decision of the Court of Appeals.

> [T]he proper standard actually depends on the class, or category, of writ case. De novo review will occur most often under the first class of writ cases, i.e., where the lower court is alleged to be acting outside its jurisdiction, because jurisdiction is generally only a question of law. De novo review would also be applicable under the few second class of cases where the alleged error invokes the "certain special cases" exception or where the error involves a question of law. But in most of the cases under the second class of writ cases, i.e., where the lower court is acting within its jurisdiction but in error, the court with which the petition for a writ is filed only reaches the decision as to issuance of the writ once it finds the existence of the "conditions precedent," i.e., no adequate remedy on appeal, and great and irreparable harm. If [these] procedural prerequisites for a writ are satisfied, whether to grant or deny a petition for a writ is within the [lower] court's discretion.

> But the requirement that the court must make a factual finding of great and irreparable harm before exercising discretion as to whether to grant the writ then requires a third standard of review, i.e., clear error, in some cases. This is supported by the fact that the petition for a writ is an original action in which the court that hears the petition, in this case the Court of Appeals, acts as a trial court. And findings of fact by a trial court are reviewed for clear error. Therefore, if on appeal the error is alleged to lie in the findings of fact, then the appellate court must review the findings of fact for clear error before reviewing the decision to grant or deny the petition.

*Id.* at 810 (citations and quotations omitted).

Lastly, instead of conducting a "gateway analysis" into whether an initial showing of inadequate remedy and irreparable harm has been made, we elect—

in the interests of judicial economy—to "proceed[] directly to the issue of error because, in our opinion, this issue is uncomplicated." *S. Fin. Life Ins. Co. v. Combs*, 413 S.W.3d 921, 927 n.20 (Ky. 2013).

## III. Analysis.

Appellants allege that the petition meets the "certain special cases" exception which allows the Court to grant a writ petition absent a showing of great injustice and irreparable harm if a "substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration."[2] *Id.* at 927 (quoting *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961)). However, Appellants' argument fails to meet the rigorous standard under the "certain special cases exception." This Court recently reiterated that

> [o]ur decision in *Caldwell* makes clear that "no limitations [exist] on a defendant's ability to request an ex parte interview with the plaintiff's treating physician." 464 S.W.3d at 158 (citation omitted). A QPO must satisfy HIPAA requirements under 45 C.F.R. § 164.512(e), but once HIPAA has been complied with "nothing in Kentucky law prohibits defendants from seeking ex parte contacts with nonexpert physicians that treated the plaintiff as if they are ordinary fact witnesses." 464 S.W.3d at 159. The QPO issued by the trial court complies with the HIPAA requirements of 45 C.F.R. §

---

[2] Appellants ask this Court to review their claim under the second category of writs. They argue that "great injustice and irreparable injury will result" if Appellants' healthcare providers are allowed to meet ex parte with defense counsel. Yet, Appellants do not explain how their petition meets the second category of writs, and instead move directly into arguing why the petition meets the "certain special cases" exception. "It is fundamental that it is an Appellant's duty and obligation to provide citations to the record regarding the location of the evidence and testimony upon which he relies to support his position, and if an appellant fails to do so, we will accordingly not address it on the merits." *Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019) (citation and quotations omitted). Because Appellants fail to advance any argument or cite any legal authority as to why their petition meets the second category of writs, we will analyze their claim under that standard.

5

164.512(e) and pertains only to information relevant to the case at hand. Furthermore, it puts physicians on notice that they are not required to participate in any ex parte communications.

*Coons*, 2019 WL 1236265, at *2. The QPO issued by the trial court in this case is substantially similar to the QPO issued in *Coons*. Furthermore, the present QPO has arguably more limitations than the order in *Coons*, as it only permits inquiries into Anton Jr.'s health information pertaining to his birth on December 10, 2011.[3] No further limitations are required under HIPAA or *Caldwell*.

Appellants next argue that the QPO violates their right to an accounting under HIPAA which gives a patient the "right to receive an accounting of disclosures of protected health information made by a covered entity in the six years prior to the date on which the accounting is requested[.]" 45 C.F.R.[4] § 164.528(a)(1). Yet, Appellants may still contact each of their healthcare providers and receive an accounting of the release of their information. Nothing in the trial court's QPO relieves the accounting duties of healthcare providers under HIPAA.

Appellants' last argument is that the QPO raises ethical issues for medical professionals and healthcare providers outside this tribunal. This

---

[3] In the alternative to a complete writ of prohibition, Appellants argue that the QPO should restrict access to Anton Jr.'s health information because he is not a party to the action. The information sought is his health information as it relates to his delivery on December 10, 2011. Anton Jr.'s mother, Stone, placed the delivery of Anton Jr. at the center of this negligence suit and thus, the information is relevant and accessible much like the non-party mother's care during delivery in *Coons*. *See* 2019 WL 1236265, at *2 n.2.

[4] Code of Federal Regulations.

exact argument was rejected in *Caldwell* and reaffirmed in *Coons.* In *Coons*,

we opined:

> First, *Caldwell* notes that Kentucky does not have a physician-patient privilege, and we reiterate that litigants should "abandon this tired argument." 464 S.W.3d at 155. Second, we acknowledge that if a medical provider participates in an ex parte communication with defense counsel ethical concerns outside of this tribunal could arise. However, in *Caldwell,* this Court held that the Code of Medical Ethics does not carry the force of law, and opined that, "[a]dmittedly, [an] ethical duty may restrain [a] physician's willingness to agree to [an ex parte] interview; but it in no way prohibits a party to litigation from requesting one." *Id.* at 156. This Court is not the proper arena to bring an argument regarding potential ethical violations of non-party physicians. We urge parties to discontinue the practice of bringing these arguments through the writ process.

2019 WL 1236265, at *3. We reaffirm our holdings in *Caldwell* and *Coons*, and

continue to urge litigants to abandon the practice of bringing this argument in

front of this Court through the writ petition appellate process.

## IV.   Conclusion.

After a review of the record and our clear, recent decisions in *Caldwell*

and *Coons*, we affirm the Court of Appeals' decision denying Appellants'

petition for a writ of prohibition.

Minton, C.J.; Buckingham, Hughes, VanMeter and Wright, JJ., concur.

Keller, J., concurs in result only. Lambert, J., not sitting.

7

COUNSEL FOR APPELLANTS:

Paul A. Casi II
Jeffrey Wayne Adamson
PAUL A. CASI, II, P.S.C.


COUNSEL FOR APPELLEE:

Not represented by counsel


COUNSEL FOR REAL PARTIES IN
INTEREST, CORNELIA POSTON, M.D.;
ALEXANDRA BLINCHEVSKY, M.D.;
COMMUNITY MEDICAL ASSOCIATES
INC. D/B/A WOMEN'S SPECIALISTS
D/B/A NORTON WOMEN'S SPECIALISTS:

David Bryan Gazak
Scott Randall Redding
GAZAK BROWN, P.S.C.

COUNSEL FOR REAL PARTIES IN INTERST,
NORTON HOSPITALS, INC., D/B/A
NORTON HOSPITAL AND NORTON
HEALTHCARE, INC.:

Beth Hendrickson McMasters
Sara Clark Davis
MCMASTERS KEITH BUTLER, INC.