RENDERED: SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0190-MR

TONYA SHERRIE HALL                                  APPELLANT

                      APPEAL FROM BULLITT CIRCUIT COURT
v.                HONORABLE MONICA K. MEREDITH, JUDGE
                      ACTION NO. 20-CI-00508

PAUL BRADY HALL                                       APPELLEE

<u>OPINION AND ORDER</u>
<u>DISMISSING APPEAL</u>

** ** ** ** **

BEFORE: COMBS, DIXON, AND ECKERLE, JUDGES.

DIXON, JUDGE: Tonya Sherrie Hall appeals from additional findings of fact and conclusions of law related to her claim for spousal maintenance, entered by the Bullitt Family Court on December 29, 2022, upon remand from this Court. Because Tonya failed to follow briefing requirements set forth in the Kentucky Rules of Appellate Procedure (RAP), we strike her brief and dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

The parties were divorced upon entry of Findings of Fact, Conclusions of Law, Judgment, and Decree of Dissolution by the Bullitt Family Court on July 29, 2021. Tonya appealed the family court's ruling related to classification and distribution of marital and nonmarital property, as well as denial of her request for spousal maintenance. *See Hall v. Hall*, No. 2021-CA-1003-MR, 2022 WL 2080185 (Ky. App. Jun. 10, 2022). After citing numerous instances of Tonya's failure to follow the briefing requirements set forth in Kentucky Rules of Civil Procedure (CR), we reviewed for manifest injustice only, citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990). We affirmed the family court regarding property matters, but reversed and remanded the issue of spousal maintenance.

The family court held a hearing upon remand and entered additional findings of fact, conclusions of law, and an amended judgment. After considering the factors of Kentucky Revised Statute (KRS) 403.200(2), the family court awarded Tonya maintenance in the amount of $867.00 per month, retroactive to October 2021, and continuing until Paul retires, at which time Tonya will begin to draw from his monthly pension. The family court ordered Paul to pay his maintenance arrearage in monthly installments of no less than $250.00. Tonya again appealed.

## LEGAL ANALYSIS

Tonya makes numerous arguments on appeal, which focus generally upon what she contends is the inadequacy of the amount of monthly maintenance. She also claims the family court erred by terminating maintenance upon Paul's retirement. Finally, Tonya claims the family court erred in structuring a payment plan for Paul's arrearages and in its failure to address pre- and post-judgment interest. However, we do not reach the merits of Tonya's arguments.

In Tonya's previous appeal, she was warned about failure to comply with the then-governing civil rules related to briefing. Specifically, Tonya failed to provide ample and specific citations to the record on appeal in both her statement of the case and her arguments.[1] Tonya also failed to state whether her various claims of error were preserved for appeal and failed to identify where the multiple exhibits appended to her brief could be found in the record.[2] Additionally, Tonya failed to properly format her citations to the video record on appeal.[3] Citing *Elwell*, *supra*, we reviewed her arguments for manifest injustice only.[4] Although

---

[1] *See* former CR 76.12(4)(c)(iv)-(v); now RAP 32(A)(3)-(4).

[2] *See* former CR 76.12(4)(c)(v) and (vii); now RAP 32(A)(4) and RAP 32(E)(1)(d).

[3] *See* former CR 98(4)(a); now RAP 31(E)(4).

[4] *See also Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010):

> Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief

now governed by the RAP, the substantive requirements of the procedural rules related to briefing have not changed.

Unfortunately, Tonya failed to heed our warnings, and her brief in the instant action is as deficient and noncompliant as it was in her earlier appeal. While her references to the video record are now in conformity with the format required by RAP 31(E)(4), they are used sparingly. We acknowledge that Tonya's statement of the case includes several video citations; however, there is only one citation to the video record contained in her multiple arguments. More importantly, in contravention of RAP 32(A)(3)-(4), Tonya's brief contains no citations to the paper record whatsoever. While she does cite to the prior opinion of this Court, as well as the order of the family court, these are not pinpoint citations to the record and do not constitute "ample" citations to support her factual assertions. *Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019).

Tonya also fails to set forth in the index to her appendix where each document may be found in the record, in contravention of RAP 32(E)(1)(d).[5] We reiterate "[i]t is well-settled that an appellate court will not sift through a voluminous record to try to ascertain facts when a party has failed to comply with

or its offending portions, [RAP 31(H)]; or (3) to review the issues raised in the brief for manifest injustice only, [*Elwell*, 799 S.W.2d at 47].

[5] For example, Tonya included a Social Security award letter in her appendix, but without proper citation, it is unclear whether the letter was ever made part of the record before the family court.

-4-

its obligation . . . to provide specific references to the record." *Parker v. Commonwealth*, 291 S.W.3d 647, 676 (Ky. 2009). Finally, Tonya fails to include any statements of preservation, in contravention of RAP 32(A)(4).[6]

The importance of procedural rules "cannot be disdained or denigrated." *Hallis*, 328 S.W.3d at 696. Enforcement of said rules "is a judicial responsibility of the highest order because without such rules substantive rights, even of constitutional magnitude, . . . would smother in chaos and could not survive." *Id.* (internal quotation marks and citation omitted). RAP 31(H)(1) provides that "[a] brief may be stricken for failure to substantially comply with the requirements of these rules." Tonya again failed to substantially comply with the briefing requirements of the RAP. Permitting continued non-compliance after specific warnings in a previous appeal – *concerning these same parties* – would render such warnings meaningless. Accordingly, we exercise our discretion to strike Tonya's brief, which necessarily requires we dismiss her appeal. *See Roth*, 567 S.W.3d at 593.

## CONCLUSION

Therefore, be it ORDERED that Appeal No. 2023-CA-0190-MR is hereby DISMISSED.

---

[6] "If a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021).

ALL CONCUR.

ENTERED: _____          _____
                                    JUDGE, COURT OF APPEALS


BRIEF FOR APPELLANT:               BRIEF FOR APPELLEE:

Joseph J. Wantland                 Amber L. Cook
Shepherdsville, Kentucky           Shepherdsville, Kentucky