RENDERED: OCTOBER 3, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1125-ME

W.I.S. APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANGELA J. JOHNSON, JUDGE
ACTION NO. 23-AD-500211

K.M.B.; R.V.R.C.; AND W.B.R. (A
CHILD) APPELLEES

AND

NO. 2024-CA-1126-ME

W.I.S. APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANGELA J. JOHNSON, JUDGE
ACTION NO. 23-AD-500210

K.M.B.; J.B., A CHILD; AND R.V.R.C. APPELLEES

<u>OPINION AND ORDER</u>
<u>DISMISSING</u>

\*\* \*\* \*\* \*\* \*\*

BEFORE:  ECKERLE, A. JONES, AND TAYLOR, JUDGES.

ECKERLE, JUDGE:  Appellant, W.I.S. ("Natural Father"), attempts to seek

expedited review of the Jefferson Family Court's decisions allowing R.V.R.C.

("Adoptive Father") to adopt two of Natural Father's minor children, Appellees,

J.B. and W.B.R. (collectively "the Children").  We strike Natural Father's briefs

and dismiss these appeals because, for the second time, Natural Father's briefs fail

to comply substantially with Kentucky Rules of Appellate Procedure's ("RAP")

briefing requirements, and he neglected to file a reply brief offering an explanation

or correction.

## I.  Factual and Procedural History

Natural Father and K.B. ("Mother"), who were never married, are the

parents of the Children.  Mother married Adoptive Father in 2023, and soon

thereafter Adoptive Father filed petitions to adopt the Children.  Mother consented

to the adoptions.  Natural Father did not.

The Family Court held a final hearing on the adoption petitions in

May of 2024.  Several witnesses testified, including an employee of the Cabinet for

Health and Family Services ("CHFS"), Adoptive Father, Mother, and Natural

Father.  Because we are not resolving these appeals on the merits, we need not recount in detail the specific testimony presented at the hearing.

The Jefferson Family Court granted both adoption petitions and later substantively denied Father's motion to alter, amend, or vacate.  Natural Father then filed these expedited appeals, one for each child.

In November of 2024, Natural Father submitted his initial opening briefs.  Adoptive Father filed a motion to strike those briefs and dismiss these appeals, and a motion to consolidate these two appeals for purposes of oral argument.  Natural Father did not respond to either motion.

In February of 2025, a motion panel of this Court granted in part Adoptive Father's motion to strike, but it denied in part this first motion to dismiss. The Court's motion panel struck Natural Father's deficient briefs in their entirety, ruling that they:

> do not comply substantially with the following rules:  (1) RAP 32(A)(3) (there are no citations to the record in the statement of the case); (2) RAP 32(A)(4) (there are no preservation statements); (3) RAP 32(A)(7) (there is no index for Appellant's briefs, Appellant has merely attached a copy of the judgment); (4) RAP 31(B) (this is a case involving the termination of Appellant's parental rights and he has failed to redact identifying information); and RAP 31(E)(4) (the citations to the video record are not compliant).

February 27, 2025, Order at p. 2.  The panel directed Natural Father to file "corrected briefs" within 15 days.  *Id.* at p. 3.  The motion panel passed to the

merits panel Adoptive Father's motion to consolidate these two appeals for purposes of oral argument. Although it could have dismissed the appeal at that time, the panel leniently declined to dismiss the appeals and allow Natural Father a second attempt to comply with the rules.

Natural Father filed his revised opening briefs in March 2025. Though Natural Father filed separate briefs in each case, in practical terms he filed only one brief because the two briefs are substantively identical, other than their respective case captions. Adoptive Father then filed a renewed motion to strike Natural Father's revised briefs and dismiss these appeals, as Natural Father's non-compliance continued.

As Adoptive Father accurately noted, once again Natural Father's briefs did not contain *any* citations to the written record. And this Court previously directed him to correct this deficiency. Moreover, RAP 32(A)(3) requires the statement of the case section of an appellant's opening brief to contain "ample references to the specific location in the record supporting each of the statements[.]" And RAP 32(A)(4) requires the argument section of an appellant's opening brief to contain "ample references to the specific location in the record . . . pertinent to each issue of law" therein. Natural Father only alludes to the exhibits attached to the briefs. But citing to an exhibit "is not a substitute for the rule's

-4-

requirement to cite only to the certified record on appeal." *J.P.T. v. Cabinet for Health and Family Services*, 689 S.W.3d 149, 151 (Ky. App. 2024).

Adoptive Father also correctly pointed out Natural Father's continued non-compliance with RAP 32(A)(7) and 32(E)(1)(a) because the first item in the appendix was not the judgment or order under review. RAP 32(A)(7) provides that an appellant's opening brief "must contain . . . [a]n appendix that conforms with section (E) of this rule." RAP 32(E)(1)(a) provides in relevant part that an appellant "shall place the judgment, opinion, or order under review immediately after the appendix list so that it is most readily available to the court."

Finally, Adoptive Father asserted that Natural Father's briefs did not comply with RAP 32(A)(4), which requires inclusion "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Adoptive Father noted that Natural Father's briefs did not contain citations to the written record to support his preservation statements. Moreover, the preservation statements for some issues referred to domestic violence order ("DVO") proceedings which are "not the subject of this appeal, nor referenced in the written record." March 21, 2025, Motion to Strike and Dismiss, p. 2 (emphasis deleted).

We are aware that Natural Father made an effort to comply with two sections of the rules, namely, RAP 31(B) and 31(E)(4), by redacting personal

information and including video.  However, this minimal undertaking – which again should have been done the first time without our prompting – does nothing to cure Natural Father's other, significant, repeated, and briefing failures on the merits.

Indeed, Natural Father's terse response contains only two substantive paragraphs.  And still, that response contains absolutely no citations to any authority.

In one of those paragraphs, Natural Father even admits that he is knowingly and purposefully failing once again because the appendix to his revised briefs admittedly does not comply with RAP 32(A)(7) and 32(E)(1)(a).  He then argues that his only error is placing the judgments under review later in the appendix than the rule demands.  Were that his only error, we would likely treat him leniently once again.  However, as we shall explain, we also discern additional deficiencies in Natural Father's appendix and elsewhere.

In the other lone paragraph of his response, Natural Father implicitly concedes that his briefs still do not cite to the written record.  However, he seems to believe that his failure to cite to the written record is inconsequential – despite knowing that the rules require it and in the face of our prior warning to include it.  He claims contrarily that his submission is enough because he cited to the video record of the final hearing, and "[t]he only written record in this case consists of

pleadings filed and exhibits tendered by the parties and admitted into evidence." March 25, 2025, Response to Motion to Dismiss, p. 1. It is crucial for a party to cite to the written record, as we shall explain, and we struck his initial brief even though it also contained citations to the video of the final hearing. He ignores our rules and our orders at his peril. And Natural Father's response does not address – at all – Adoptive Father's assertions regarding the briefs' preservation statements.

Natural Father's stridence landed him before a second motion panel of this Court. Still, we declined to penalize him too harshly. The motion panel noted the "serious and sensitive nature" of the cases meant "some leniency regarding briefing deficiencies may be appropriate." May 27, 2025, Order, p. 2. And we "acknowledge[d] that [Natural Father] has corrected some of the deficiencies from his first brief." *Id.* However, we emphasized that the problems that Adoptive Father identified "still remain." *Id.* The motion panel passed the motion to strike and dismiss for a determination by this merits panel.

At that point, the Appellee response was not yet due, and thus, Natural Father had not had the opportunity to submit a reply brief. Though not expressly mentioned by the second motion panel, its decision to pass the motion to dismiss to a merits panel implicitly recognized that Natural Father "could have corrected any deficiencies raised by [Adoptive Father] in a reply brief . . . ." *Commonwealth v. Roth*, 567 S.W.3d 591, 595 (Ky. 2019). *See also American Coal Terminal, Inc. v.*

-7-

*Etera, LLC*, 699 S.W.3d 204, 212 (Ky. App. 2024) (denying a motion to strike an appellant's opening brief that lacked preservation statements because the deficiencies had been cured by the reply brief).

Adoptive Father and the Children's guardian *ad litem* then filed their respective Appellee briefs. However, and significantly, Natural Father did not file a reply brief. Consequently, the deficiencies highlighted by Adoptive Father and the order of a second motion panel of this Court remain uncorrected. Moreover, our review of Natural Father's briefs has revealed additional deficiencies not explicitly mentioned by Adoptive Father.

## II. Analysis

It is unfortunate when a party does not comply meaningfully with the rules of procedure. We cannot properly get to the merits of a dispute when rules are not followed. And here, we cannot address the Trial Court's decisions to grant the adoption petitions until we resolve the dispositive motion passed to us by the motion panel. A merits analysis would only be proper if we deny Adoptive Father's motion to strike Natural Father's briefs and dismiss these appeals. But given the significant and repeated briefing failures, as well as at least four deliberately missed opportunities to submit compliant briefs (the initial brief, two responses to dispositive motions, and a reply), we would be remiss to allow the appeal to continue. Instead, we shall grant the motion to dismiss at this stage, and

thus, we will not address the merits of the issues raised in Natural Father's briefs or the Family Court's adoption decisions.

As a prefatory note, we have concluded that oral argument is not necessary, so we deny as moot Adoptive Father's motion to consolidate the cases for oral argument purposes. However, we shall resolve both appeals in this combined Opinion as they share common facts, parties, and issues.

Second, we will grant Adoptive Father's motion to strike Natural Father's materially non-compliant briefs. As a result, we concomitantly dismiss these appeals. *Roth*, 567 S.W.3d at 593 (recognizing that striking an Appellant's brief "necessarily requires" the dismissal of the appeal).

Our resolution of the motion to strike and dismiss these appeals is governed by RAP 10(B), which provides in relevant part that:

> the failure of a party to substantially comply with the rules is ground for such action as the appellate court deems appropriate, which may include:
>
> (1) A deficiency notice or order directing a party to take specific action,
>
> (2) A show cause order,
>
> (3) Striking of filings, briefs, record or portions thereof,
>
> (4) Imposition of fines on counsel for failing to comply with these rules of not more than $1,000,
>
> (5) A dismissal of the appeal or denial of the motion for discretionary review, and

(6) Such further remedies as are specified in any applicable rule.

*See also* RAP 31(H)(1) ("A brief may be stricken for failure to substantially comply with the requirements of these rules.").

The chief deficiency in Natural Father's briefs is the complete failure to cite to the written Family Court record. RAP 32(A)(3) requires the statement of the case section of an appellant's opening brief to include "a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, with ample references to the specific location in the record supporting each of the statements contained in the summary." RAP 32(A)(4) similarly requires the argument section of an appellant's opening brief to include "ample references to the specific location in the record and citations of authority pertinent to each issue of law . . . ." Although the term "ample" is not defined within RAP, we have held that the same citation to the record requirement that was contained in the former civil rules required references to the record to "permeate" the brief. *Clark v. Workman*, 604 S.W.3d 616, 619 (Ky. App. 2020).

Natural Father's briefs do not substantially comply with RAP 32(A)(3) or (4) because they contain zero citations to the written record. Natural Father does cite to the video record of the final hearing, but that is insufficient. Indeed, we struck his initial opening brief, which contained similar citations to the video record alone. We cannot allow a party to disregard our directive to file a

-10-

"corrected brief" and in its stead to file a brief that contains most of the same fundamental errors that caused us to strike the initial briefs in the first place.

Natural Father's response to the motion to strike and dismiss, in which he takes a remarkably dismissive view of the importance of citing to the written record, impacts our conclusion. Natural Father states that the written record contains only "pleadings filed and exhibits tendered by the parties and admitted into evidence." Response to Motion to Strike, p. 1. That statement is both factually incorrect and contrary to precedent's having stressed the importance of providing ample citations to the written record.

First, Natural Father's description of the written record as containing only matters submitted by the parties is factually incorrect because the written record also contains the Family Court's written decisions. And, in any event, we are perplexed by Natural Father's dismissive attitude towards the written record, which inherently "only" may properly include matters submitted by the parties and a record of the actions taken by the Trial Court. Those written documents are crucial to our review because they show us whether (and how) a party raised an issue before the Trial Court and the manner in which the Trial Court resolved that issue. "It is well-settled that an appellate court will not sift through a voluminous record to try to ascertain facts when a party has failed to comply with its obligation under" applicable briefing rules. *Parker v. Commonwealth*, 291 S.W.3d 647, 676

-11-

(Ky. 2009). We emphatically decline Natural Father's implicit request to sift through the roughly 800 pages contained in these records to see whether, and how, he raised the issues in his briefs in the Family Court. As the Court, we are not advocates for one or either side in a controversy, and we cannot permit a party to attempt to place us in an adversarial role. Searching for cases and arguments to promote and support one position is not our role. Rather, that is counsel's job to perform. And it appears from our review that counsel did not even check out the record from the Clerk's office in order to draft his appellate arguments.

Second, Natural Father's attitude towards the written record is squarely contrary to precedent. For example, when discussing a similar failure to cite to the written record (as then required by Kentucky Rule of Civil Procedure ("CR") 76.12, which was supplanted by the functionally identical briefing requirements of RAP 32 on January 1, 2023), our Supreme Court held that:

> **Supporting factual assertions with pinpoint citations may, in fact, be the most substantial requirement of CR 76.12**. Without pinpoint citations to the record, a court must sift through a record to [find] the basis for a claim for relief. Expeditious relief would cease to exist without this requirement. It is well-settled that an appellate court will not sift through a voluminous record to try to ascertain facts when a party has failed to comply with its obligation under [our rules of procedure] . . . to provide specific references to the record.
>
> The Commonwealth has failed to provide any support for its factual assertions in both its Statement of the Case and Argument sections of its brief. As such, it

-12-

> has failed to meet the substantial requirement of pinpoint citations to the record specified in CR 76.12, and we are within our discretion to strike its brief.

*Roth*, 567 S.W.3d at 595 (emphasis added) (internal quotation marks, footnotes, and citations omitted) (brackets in *Roth*). Under *Roth*, even standing alone, Natural Father's failure to cite to the written record is a sufficient basis to grant the renewed motion to strike his briefs and dismiss these appeals. *Id.*

However, the lack of citations to the written record is not the only deficiency in Natural Father's briefs. RAP 32(A)(4) requires a preservation statement to be included "at the beginning of the argument . . . ." Even laying aside the fact that many of Natural Father's issues and accompanying preservation statements pertain to an entirely different proceeding than the adoptions at issue, Natural Father's briefs fail to comply with that simple directive because they do not contain preservation statements at the beginning of each argument. Instead, Natural Father chose to list the arguments he is raising in what he denominated as Section I of his brief and then provided preservation statements in what is denominated as Section II of his brief.

Our Supreme Court has "strictly mandated compliance" with the preservation statement requirements in briefs "since its inception under the prior Kentucky Rules of Civil Procedure." *Gasaway v. Commonwealth*, 671 S.W.3d 298, 310 (Ky. 2023). Natural Father's brief does not strictly comply with RAP

-13-

32(A)(4) because his preservation statements are not "contain[ed] at the beginning of the argument . . . ."

Moreover, Natural Father's preservation statements do not mirror the issues he asserts he is raising. We may best show the disconnect between the issues and preservation statement sections on pages eight and nine of Natural Father's briefs by providing those sections in full:

**I. ISSUES ON APPEAL**

The error of the Trial Court in accepting and relying on the Report to the Court by CFHS [sic], recommending that adoption of W.B.I.-B. and J.M.I.-B[.], children of Appellant, be granted to petitioner herein, R.R.C. [sic] The Order from which this appeal is taken was fatally erroneous because the Trial Court, in relying at least in part on the result of the DVO hearing in 2020 (a) disregarded the fact that Appellant was provided with neither interpreter nor counsel at the DVO hearing, (b) failed to recognize errors and omissions by CFHS [sic] in recommending that adoption of the children of Appellant be granted to the petitioner herein, R.R.C. [sic] and (c) relied upon the Report by CFHS [sic] and the DVO order granted to K.B.

**II. PRESERVATION OF ERROR**

At the hearing on the petition for a DVO, which was granted, very significant errors occurred which rendered that decision contrary to law, and that decision was very prejudicial to Appellant in this action in which R.R.C. [sic] was granted adoption of W.B.I.-B. and J.M.I.-B.

A. No Interpreter. No interpreter [was] appointed for W.I.S. at [the] DVO hearing. Despite W.I.S.'s indigence

-14-

he was appointed no interpreter to assist him, [sic] [.]
This matter was preserved by (VR 5/10/24 at 9:20:26,
9:20:40 a.m.).

B. No counsel. No counsel was appointed for W.I.S.
at [the] DVO hearing. This objection was preserved (VR
5/10/24 at 9:20:26, 9:20:40 a.m.) and the lower court also
noted that Appellant's objection, based on the DVO
court's failure to appoint him counsel, had been
preserved ([VR] 5/10/24 at 11:50:34).

C. Denial of Directed Verdict. The lower court in
this action denied Appellant's counsel's oral motion for a
directed verdict (VR 5/10/24 at 9:57:11 a.m.).

D. CHFS Testimony. The lower court denied
Appellant's counsel's motion in limine to exclude [CHFS
employee] McQueary's testimony (VR 5/10/24 at
9:57:11) for reasons set forth at pp. 2-3, *supra*.

Obviously, a party should provide preservation statements for each issue it wishes

this Court to address. However, it is immediately apparent that Natural Father's

preservation statement section discusses issues not listed in his issues section

(denial of directed verdict and motion *in limine*). In other words, Natural Father

has curiously provided what purport to be preservation statements for two alleged

issues which he did not list in the "issues on appeal" section of his briefs.

We are further perplexed by Natural Father's assertion in the

preservation statement section that the Trial Court denied his motion for directed

verdict at VR 5/10/24 at 9:57:11 a.m. First, as Adoptive Father points out in his

motion to strike and dismiss, "[t]his is the first and last mention of a directed

-15-

verdict in the entirety of the Natural Father's amended opening brief." March 21, 2025, Motion to Strike and Dismiss, p. 3.

Second, Natural Father's citation to a location where he ostensibly had moved for a directed verdict is incorrect. The cited portion of the final hearing does not depict Natural Father seeking, or the Family Court denying, a motion for a directed verdict. Instead, the portion of the hearing cited by Natural Father shows the Family Court denying his oral motion to exclude the testimony of the Cabinet employee (who had already testified). Indeed, Natural Father cites to the exact same portion of the final hearing as the point where he preserved a motion *in limine*.

The third overarching deficiency in Natural Father's brief involves his deficient appendix. First, he does not provide in the appendix citations to where the items contained therein may be found in the written record. That is not a mere technical error devoid of practical impact. RAP 32(E)(1)(d) provides in relevant part that "[t]he first item of the appendix shall be a listing or index of all documents included in the appendix. The index shall set forth where each document may be found in the record." Natural Father's brief contains an index, but that index does not show where the five items contained in the appendix may be located in the Family Court Record. As we made plain when discussing Natural Father's failure to cite to the written record in the body of his briefs, we decline to

rummage through five volumes of record to discern whether, and if so how, the items contained in Natural Father's appendix may be located in the record.

Similarly, RAP 32(E)(1)(c) provides that "[e]xcept for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs." The purpose of requiring a pinpoint citation to the record for matters included in an appendix is to show that the appended items were presented to a Trial Court because, with very limited exceptions, it is improper for a party to include matters in an appendix that are not contained in the Trial Court record. Therefore, it was incumbent upon Natural Father to include in the appendix only matters that are found in the Family Court record and to cite exactly where in that record we may find those items.

In sum, Natural Father's index is unacceptably deficient. We need not explore further the alleged and compounding briefing errors discussed in Adoptive Father's motion to strike and dismiss because we have already addressed three overarching, major deficiencies in Natural Father's briefs (failure to cite to the written record, improper preservation statements, and non-compliant appendix). Consequently, we readily conclude Natural Father's brief fails to comply substantially with RAP.

Having made that determination, we next must determine the appropriate sanction to impose. A Westlaw search did not reveal Natural Father's counsel having previously submitted a deficient brief. However, counsel has twice submitted substantially non-compliant briefs in these very cases (and neglectfully waived a third, and final, opportunity to remedy those defects via submitting a corrective reply brief).

We are acutely aware of the nature of these appeals and the irrevocability of adoptions. We also are cognizant of the fact that we reviewed issues on the merits when a party failed to provide preservation statements in an adoption appeal, at least in part due to the "sensitive nature of the case . . . ." *J.L.R. v. A.L.A.*, 645 S.W.3d 63, 66 (Ky. App. 2022). *J.L.R.* is materially distinguishable, however. First, there is no indication that the Appellant in *J.L.R.* submitted a second non-compliant brief after having already had an initial non-compliant brief stricken. Second, unlike the cases at hand, the omission of preservation statements in *J.L.R.*, though a serious deficiency, was apparently the only violation of our briefing rules. Therefore, we conclude *J.L.R.* does not require us to refrain from striking Natural Father's briefs and dismissing these appeals.

In any event, we have twice extended grace and leniency to Natural Father. First, we did not dismiss these appeals after he filed his initial deficient briefs. Instead, we struck those briefs without imposing additional penalties,

-18-

pointed out the deficiencies, and allowed him to submit revised briefs. Second, we declined to dismiss immediately these appeals when Natural Father filed his revised, yet still materially non-compliant, briefs. Instead, we allowed briefing to continue, which gave Natural Father a final opportunity to correct the numerous glaring deficiencies by submitting a corrective reply brief. Of course, he elected not to do so. In short, despite our leniency, Natural Father has demonstrated he is unable, or unwilling, to abide by our mandatory briefing rules. And our patience is not boundless.

"Appellate procedural rules, including those for briefing, cannot be ignored by appellate advocates." *White v. Fowler*, 717 S.W.3d 176, 180 (Ky. App. 2025). Indeed, we have held that:

> there is no more basic element of competency in the practice of appellate advocacy than knowing and simply following the Court's rules of procedure and brief writing. Failure in that regard has only two explanations: (1) an ignorance of the rules, or (2) an impertinent refusal to follow them. Both provide reasons for sanctioning an attorney.

*J.P.T.*, 689 S.W.3d at 152.

Natural Father did not fix all of the glaring deficiencies in his initial briefs, despite our having mercifully allowed him time to do so. Having thus squandered that second chance, basic jurisprudential logic requires the imposition of more severe sanctions for this second failure to comply substantially with our

-19-

mandatory briefing rules.  Therefore, we shall grant Adoptive Father's motion to strike Natural Father's materially non-compliant briefs and dismiss these appeals. Further sanctions against counsel are declined at this time.

As a final point, we feel compelled to note that Natural Father does not appear to be entitled to appellate relief on the merits.  However, our review is significantly impaired by the paucity of the briefing.

### III.  Conclusion

For the foregoing reasons, **IT IS ORDERED**:

1.  Appellee R.V.C.R.'s November 27, 2024, motion to consolidate Case No. 2024-CA-1125-ME and Case No. 2024-CA-1126-ME for purposes of oral argument is **DENIED AS MOOT**; and

2.  Appellee R.V.C.R.'s March 21, 2025, motion to strike Appellant's March 14, 2025, briefs in both Case No. 2024-CA-1125-ME and Case No. 2024-CA-1126-ME is **GRANTED**.  Pursuant to RAP 10(B), Appellant's deficient briefs are **STRICKEN** from the Court's records in each case.  Case No. 2024-CA-1125-ME and Case No. 2024-CA-1126-ME are each hereby **DISMISSED**.

ALL CONCUR.

ENTERED: _October 3, 2025___     _____
                                            JUDGE, COURT OF APPEALS

-20-

BRIEFS FOR APPELLANT:

Robert J. Bornstein
Louisville, Kentucky

BRIEF FOR APPELLEES W.B.R.
and J.B.:

Courtney Preston Kellner
Louisville, Kentucky

BRIEF FOR APPELLEE R.V.R.C.:

Ethan Chase
Juliana H. Reczek
Louisville, Kentucky